No. 96-2042

United States of America,

        Appellee,

    v.

Paige Aaron Williams,

        Appellant.

Appeal from the United States
District Court for the
Southern District of Iowa.
    [PUBLISHED]

Submitted: December 12, 1996

Filed: December 19, 1996

Before FAGG, WOLLMAN, and MURPHY, Circuit Judges.

PER CURIAM.

Paige Aaron Williams appeals the district court's[1] order reducing his sentence pursuant to 18 U.S.C. § 3582(c)(2). We vacate the order and remand for reconsideration.

Williams pleaded guilty to conspiring to distribute methamphetamine, in violation of 21 U.S.C. § 846. At the September 1993 sentencing, based on substantial assistance Williams had rendered prior to sentencing, the government moved for a departure from the applicable 292-to-365-month Guidelines range. See U. S. Sentencing Guidelines Manual § 5K1.1. The court granted the motion and sentenced Williams to 204 months. One year later, based on substantial assistance Williams had rendered since his sentencing, the government moved under Federal Rule of Criminal Procedure 35(b) to reduce his sentence to 146 months. After a hearing and a

_____

[1]The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

continuance, the court granted the motion and reduced Williams's sentence to 131 months.

In November 1995, Williams moved to reduce his sentence under section 3582(c)(2), based on a retroactive amendment to the Sentencing Guidelines effective November 1, 1995 (Amendment 505). The government urged the district court to reduce Williams's sentence to 106 months to reflect the assistance he had provided pre- and post-sentencing. The government explained that Williams's 131-month sentence represented a 55% reduction from the bottom of the original Guidelines range, that applying Amendment 505 would produce a range of 235 to 293 months, and that a 55% reduction from the bottom of that range would yield a 106-month sentence. As such a sentence was below the 120-month statutory minimum, the government further explained that it had not moved for a reduction below the statutory minimum either at sentencing under 18 U.S.C. § 3553(e)[2] or in conjunction with its Rule 35(b) motion, because it had believed Williams would still be subject to the statutory minimum sentence "even after the requested reductions." Therefore, in light of Amendment 505, the government moved under section 3553(e) to permit the court to reduce Williams's sentence below the statutory minimum.

The district court noted that absent a section 3553(e) motion from the government, a sentencing court generally could not depart

_____

[2]In its entirety, section 3553(e) provides as follows:

> Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.

below a statutory minimum based on a defendant's substantial assistance.[3]  The court concluded that the government could not empower the court to reduce the sentence below the statutory minimum by invoking section 3553(e) in the context of a section 3582(c)(2) motion.  The court granted Williams's motion; applied Amendment 505; determined Williams's sentence should be 235 months; and, in light of the previous reductions, reduced his sentence to the 120-month statutory minimum.  Williams contends the district court erred in concluding it could not also grant the section 3553(e) motion and reduce his sentence below the statutory minimum.

Under section 3582(c)(2), a defendant sentenced to imprisonment based on a sentencing range subsequently lowered by the Sentencing Commission may be entitled to a sentence reduction if the district court determines, in light of the factors set forth in 18 U.S.C. § 3553(a), that a reduction is consistent with applicable policy statements issued by the Commission.  See U. S. Sentencing Guidelines Manual § 1B1.10(a), p.s.  Section 3582(c)(2) does not itself authorize a reduction below the statutory minimum, see United States v. Dimeo, 28 F.3d 240, 241 (1st Cir. 1994), but the benefit accruing from a lowered sentencing range is independent of any substantial-assistance considerations.  In order that a defendant may receive the full benefit of both a change in sentencing range and the assistance the defendant has previously rendered, we conclude that the government may seek a section 3553(e) reduction below the statutory minimum in conjunction with a section 3582(c)(2) reduction.  Section 3553(e) contains no time limitation foreclosing such a conclusion.

Accordingly, we remand for the district court to reconsider the sentence reduction in light of this opinion.

---

[3]In certain limited cases, of which this is not one, 18 U.S.C. § 3553(f) and U.S. Sentencing Guidelines Manual § 5C1.2 permit a sentencing court to depart below a statutory minimum without a government motion.

A true copy.

Attest:

      CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.