UNITED STATES of America, Appellee,

v.

Barry JORDAN, Defendant, Appellant.

No. 98–1113.

United States Court of Appeals,
First Circuit.

Heard Sept. 17, 1998.

Decided Nov. 25, 1998.

Rehearing and Suggestion for Rehearing
En Banc Denied Dec. 30, 1998.

George F. Gormley, with whom John D. Colucci, and Gormley & Colucci, P.C. were on brief, for appellant.

Henry T.A. Moniz, Assistant U.S. Attorney, with whom Donald K. Stern, U.S. Attorney, was on brief, for appellee.

Before BOUDIN, LYNCH, and LIPEZ, Circuit Judges.

LYNCH, Circuit Judge.

This case raises an issue of first impression about one aspect of the scope of a sentencing court's statutory jurisdiction to resentence when an amendment to the U.S. Sentencing Guidelines applies retroactively.

In 1991, Barry Jordan was sentenced to thirty years' imprisonment because he pled guilty to a conspiracy (and related crimes) to manufacture and distribute methamphetamine. His sentence was based on the quantity of the drugs involved, 29.5 kilograms, which the guidelines then translated into a base offense level of 40, the top of the range.

Thereafter, on November 1, 1994, those drug quantity guidelines were amended, and the top of the range dropped to a base offense level of 38 from 40. As he was permitted to do by statute, Jordan sought a discretionary sentence reduction in 1997 to benefit from the changed guideline. The district judge, exercising his discretion, granted the petition based on the changed drug quantity guideline and reduced Jordan's sentence to 324 months.

The rub is that Jordan saw this resentencing as an opportunity to seek an additional reduction as well, one based on the theory that the totality of the circumstances took his case out of the heartland, and so he could be

considered for a new downward departure. *See* U.S.S.G. § 5K2.0 commentary. This ground had not been raised at the original 1991 sentencing, the law then not having permitted it, Jordan says (the law having changed in the interim). The district court demurred, saying that the authority it had to resentence based on the changed drug quantity guideline did not extend to consideration of a § 5K2.0 motion.

The district court was correct. We affirm without reaching the government's arguments about whether, if the district court did have such authority, it would have been error to exercise it.

## I

On June 27, 1990, the United States charged Jordan, and two others, with conspiracy to manufacture and possess with intent to distribute methamphetamine. Jordan pled guilty to all counts.[1]

The district court, relying on the Presentence Investigation Report, determined that Jordan had a Criminal History Category of VI and a base offense level of 40. After granting Jordan a two-level downward adjustment for acceptance of responsibility—thereby giving him an adjusted offense level of 38—the court found that the applicable guideline sentencing range was 360 months to life imprisonment. On August 8, 1991, the court sentenced Jordan to 360 months' imprisonment. He appealed, contesting the purity and amount of the drugs attributed to him, and this court affirmed his sentence. *See United States v. Barnett*, 989 F.2d 546, 551, 560 (1st Cir.1993).

On November 1, 1994, one year after Jordan's first appeal, Congress enacted Amendment 505 to the Sentencing Guidelines, which eliminated base offense levels 39 and 40 from the Drug Quantity Table of the Sentencing Guidelines. *See* U.S.S.G. Appendix C, Amendment 505; U.S.S.G. § 1B1.10(c); U.S.S.G. § 2D1.1(c). The guidelines expressly allowed for retroactive application of Amendment 505. *See* U.S.S.G. § 1B1.10(a),(c). Jordan petitioned the district court to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2). The court granted his motion on October 8, 1997, and scheduled a resentencing hearing for December 16, 1997.

Jordan also filed a motion for a downward departure, seeking (for the first time) an additional reduction pursuant to U.S.S.G. § 5K2.0. The district court reduced Jordan's sentence to 324 months' imprisonment on the basis of Amendment 505—the lowest end of the amended sentencing range—but denied his § 5K2.0 motion because it "believe[d] that the only authority it ha[d] applie[d] to the amendment to defendant's previous sentence."

## II

To understand Jordan's argument, a brief description of the framework of the relevant statutes, guidelines and commentary is necessary. Normally, there is no jurisdiction in a district court to resentence a criminal defendant on the counts of conviction, except in very limited circumstances where permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. *See United States v. Rodriguez*,[2] 112 F.3d 26, 28, 31 (1st Cir.1997), *cert. denied*, — U.S. —, 118 S.Ct. 237, 139 L.Ed.2d 168 (1997); *Unit-*

---

1. The three counts were conspiracy to manufacture and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846 (Count One); possession with intent to distribute methamphetamine and aiding and abetting, in violation, respectively, of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count Two); and possession of a listed chemical with intent to manufacture a controlled substance and aiding and abetting, in violation, respectively, of 21 U.S.C. § 841(d)(1) and 18 U.S.C. § 2 (Count Three). The facts underlying these charges are set forth in *United States v. Barnett*, 989 F.2d 546, 549–551 (1st Cir.1993).

2. *Rodriguez* arose on a petition under 28 U.S.C. § 2255 to resentence based on a change in law and was premised on the Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), which overruled this Circuit's approach to what constituted "use" of a firearm for purposes of 18 U.S.C. § 924(c)(1). *See id.* at 142, 150–151, 116 S.Ct. 501. As such, it arose in very different circumstances.

*ed States v. Fahm,* 13 F.3d 447, 453 (1st Cir.1994).

Such permission was granted here when Congress made Amendment 505 retroactive, as did the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(b, c); *id.* § 1B1.10 background. This meant that the sentencing judge had discretion, pursuant to 18 U.S.C. § 3582(c)(2), to consider whether to apply Amendment 505 to Jordan. Section 3582(c)(2) provides:

> The court may not modify a term of imprisonment once it has been imposed except that—. . . (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§ ] 994(*o* ), upon motion of the defendant . . . or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Thus, the court could reduce the sentence if and only if doing so was "consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Havener,* 905 F.2d 3, 7 (1st Cir.1990) (quoting 18 U.S.C. § 3582(c)(2)) (internal quotation marks omitted).

Thus, the question becomes one of what the applicable policy statements of the Sentencing Commission mean. The policy statement which applies here is U.S.S.G. § 1B1.10:

> (a) Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defen-

dant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized.

> (b) In determining whether, and to what extent, a reduction in the term of imprisonment is warranted for a defendant eligible for consideration under 18 U.S.C. § 3582(c)(2), the court should consider the term of imprisonment that it would have imposed had the amendment(s) to the guidelines listed in subsection (c) been in effect at the time the defendant was sentenced, except that in no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.

> (c) Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, and 516.

It is in the interpretation of the guidelines that the government and Jordan differ.[3] Jordan argues that U.S.S.G. § 1B1.10 permits the district court to consider all other guidelines, particularly U.S.S.G. § 5K2.0, on resentencing. Jordan does not argue that a court on resentencing is free to apply a non-retroactive amendment or free to consider arguments which could have been made at the original sentencing but were not. Jordan correctly concedes that his argument does not and could not extend to issues of fact already determined in the first sentencing. *See United States v. Cothran,* 106 F.3d 1560, 1562–63 (11th Cir.1997) (noting that the district court is not free, under 18 U.S.C. § 3582(c)(2), to reexamine the factual determination of the number of marijuana plants attributed to the defendant); *United States v. Adams,* 104 F.3d 1028, 1030–31 (8th Cir.

---

3. Much of the caselaw under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10(c) is concerned with the very different problem of an appeal from a district court's discretionary decision not to reduce a sentence based on an amendment to the guidelines that is retroactive. *See, e.g., United States v. Boe,* 117 F.3d 830, 831 (5th Cir.1997); *United States v. Wyatt,* 115 F.3d

606, 610 (8th Cir.1997). Jordan's reliance on such cases is inapposite. Our problem is also different from that in *United States v. Clark,* 110 F.3d 15 (6th Cir.1997), which concerns the applicability, under 18 U.S.C. § 3582(c)(2), of a statutory change in sentencing law to cases pending on direct appeal. *See id.* at 18.

1997). To the extent that Jordan is arguing that, these situations aside, there is fully *de novo* resentencing under § 3582(c)(2), that is surely wrong. *See United States v. Torres*, 99 F.3d 360, 361 (10th Cir.1996), *cert. denied*, ―― U.S. ――, 117 S.Ct. 1273, 137 L.Ed.2d 350 (1997).

The government argues that no guideline other than the guideline permitting a reduction occasioned by Amendment 505 may be considered. Our analysis is less broad than the parties' "all or nothing" arguments, a point we shall return to later.

In considering whether, on application of Amendment 505 to Jordan, the district court had authority to consider a downward departure under U.S.S.G. § 5K2.0, we, like the parties, turn to the commentary to U.S.S.G. § 1B1.10, which provides in relevant part:

*Application Notes:*

1. Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range.

2. In determining the amended guideline range under subsection (b), the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced. All other guideline application decisions remain unaffected.

3. Under subsection (b), the amended guideline range and the term of imprisonment already served by the defendant limit the extent to which an eligible defendant's sentence may be reduced under 18 U.S.C. § 3582(c)(2). When the original sentence represented a downward departure, a comparable reduction below the amended guideline range may be appropriate; however, in no case shall the term of imprisonment be reduced below time served. Subject to these limitations, the sentencing court has the discretion to determine whether, and to what extent, to reduce a term of imprisonment under this section.

. . .

*Background:* . . . The listing of an amendment in subsection (c) reflects policy determinations by the Commission that a reduced guideline range is sufficient to achieve the purposes of sentencing and that, in the sound discretion of the court, a reduction in the term of imprisonment may be appropriate for previously sentenced, qualified defendants. The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right.

■ This commentary is to be followed unless it "is inconsistent with[ ] or a plainly erroneous reading of" the guidelines or "it violates the Constitution or a federal statute." *Stinson v. United States*, 508 U.S. 36, 38, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993). There is no contention that the commentary violates the Constitution; at most, Jordan's argument is that the statute must color our understanding of the guideline.

■ The disagreement between Jordan and the government is this. The government says that the factors outlined in 18 U.S.C. § 3553(a) are meant to guide the discretion of the district court in deciding whether to allow the downward departure under Amendment 505 and do not provide a basis for a departure on any other ground. Jordan says these statutory grounds in § 3553(a) open the door to other bases for departures.

The government relies on the commentary language that "[t]he authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence [and] does *not authorize a reduction in any other component of the sentence.*" U.S.S.G. § 1B1.10 background (emphasis added). The government also relies on the commentary to U.S.S.G. § 1B1.10, specifically, application note 2 and the background. Application note 2 says that "[a]ll other guideline application decisions remain unaffected." U.S.S.G. § 1B1.10 application note 2. The background language reflects the policy determination of the Commission that "[t]he authorization of such a discretionary reduction does not otherwise . . . authorize a reduction in any other component of his sentence." U.S.S.G. § 1B1.10 background.

Jordan, in turn, says the commentary must be understood in light of the mandate in the statute that "the court may reduce the term of imprisonment, *after considering the factors set forth in section 3553(a)* to the extent that they are applicable." 18 U.S.C. § 3582(c)(2) (emphasis added). Jordan says that consideration of the factors in § 3553(a) permits consideration of his § 5K2.0 motion. Jordan relies for support on the language, if not the holding of the Eighth Circuit in *United States v. Williams*, 103 F.3d 57, 58 (8th Cir.1996).

Congress committed, in 18 U.S.C. § 3582(c)(2), the making of certain policy judgments to the Sentencing Commission. This delegation was also expressed in 28 U.S.C. § 994(u), which provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." We think it clear from the language of U.S.S.G. § 1B1.10 and the commentary (application note 2 and the background) that the district court lacked jurisdiction to consider a departure under § 5K2.0.

First, the language of § 1B1.10 itself requires the district court to "consider the term of imprisonment that it would have imposed had the amendment[ ] ... been in effect *at the time the defendant was sentenced.*" U.S.S.G. § 1B1.10(b) (emphasis added). Second, the commentary makes it clear that the § 5K2.0 argument could not be entertained: "[T]he court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced. All other guideline application decisions remain unaffected." U.S.S.G. § 1B1.10 application note 2. "The listing of an amendment in subsection (c) reflects policy determinations by the Commission that a reduced guideline range is sufficient to achieve the purposes of sentencing and that,

in the sound discretion of the court, a reduction in the term of imprisonment may be appropriate for previously sentenced, qualified defendants. The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence [and] does not authorize a reduction in any other component of the sentence." U.S.S.G. § 1B1.10 background. Because the § 5K2.0 argument was, Jordan says, unavailable *at the time he was sentenced,* by the very terms of the guideline, it cannot be considered. *See Torres,* 99 F.3d at 362–63.

The Commission may well have considered the strong interest in the finality of criminal judgments, a powerful policy interest expressed in many forms in the criminal law. *See, e.g.,* 28 U.S.C. § 991(b)(1)(B) (stating that the purpose of the Sentencing Commission is to provide "certainty and fairness in meeting the purposes of sentencing"). Further, a contrary result would permit an evasion of the retroactivity doctrine. In essence, Jordan's argument is that while he could not have sought resentencing pursuant to § 5K2.0 on totality of circumstances grounds when *Koon v. United States,* 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996), overruled prior law,[4] he may seek such a result here through the device of Congress having amended an entirely different, unrelated area of sentencing law. Neither Amendment 505 nor 18 U.S.C. § 3582(c)(2) expresses any such congressional intent.

The nearest case to the problem posed here is the closely reasoned decision in *United States v. Stockdale,* 129 F.3d 1066 (9th Cir.1997), *amended on denial of reh'g,* 139 F.3d 767 (9th Cir.1998), *cert. denied,* — U.S. ——, 119 S.Ct. 377, 142 L.Ed.2d 312 (1998). *Stockdale* raised the analogous problem of whether resentencing based on an Amendment as to marijuana weight equivalencies also permitted the court to consider a statutory change to sentencing law, the safety valve provision in 18 U.S.C. § 3553(f), which was, by statute, made not retroactive. *See id.* at 1067–68; *cf. United States v. Lopez–*

4. Jordan and the government agree that *Koon* does not provide an independent basis for resentencing based on Jordan's § 5K2.0 motion, regardless of whether *Koon* might apply retroactively in other contexts.

*Pineda,* 55 F.3d 693, 697 n. 3 (1st Cir.1995) (noting that a guideline amendment that is not listed in U.S.S.G. § 1B1.10(c) may not be applied retroactively). *Stockdale* held that there was no error in the district court's refusal to consider a safety valve reduction along with the reduction permitted under the amendment. *See Stockdale,* 129 F.3d at 1068–69. We see no meaningful distinction between our problem and *Stockdale.*

Jordan makes one final argument attempting to avoid these results. He argues that his § 5K2.0 motion should be considered as part of a "sentencing package," as this court has defined that term in *Rodriguez. Rodriguez,* 112 F.3d at 29–30. The government retorts that this case is a far cry from presenting a sentencing package. The government also says that, in any event, even sentencing packages (where the guidelines establish an interdependent relationship between the sentence vacated or subject to amendment and the sentence for the remaining convictions) are subject to a *per se* prohibition on reconsideration. We agree only with the government's contention that this is not a sentencing package case. As to the government's second argument, we think the analysis is much more difficult.[5]

This case does not raise issues of the authority of the sentencing court under 18 U.S.C. § 3582(c)(2) where there is a sentencing package, where two or more amendments are retroactive, or where the question is whether a district court's earlier decision to grant a downward departure is binding at the resentencing.[6] As these examples show, sometimes defendants will make arguments in these areas, and sometimes the government will. Flexibility can work both ways. We decline the government's urging that we broadly adopt a *per se* prohibition, and we do

not reach any of the problems raised by these examples.

Affirmed.

---

**5.** For example, there may be a situation in which if an amendment had been in effect at the time of the original sentence, *see* U.S.S.G. § 1B1.10(b), it would have been interrelated at that time to some other aspect of the sentence. *See also* footnote 6 *infra.*

**6.** This case also does not raise the problem addressed in both *United States v. Wyatt,* 115 F.3d 606 (8th Cir.1997), and *United States v. Vautier,*

144 F.3d 756 (11th Cir.1998). That problem is whether a district court in applying an Amendment is bound to honor its original decision to give a discretionary downward departure of a certain amount or at all. Both *Wyatt* and *Vautier* held that the district court was not so bound, and, at least in that sense, there was some flexibility in the resentencing. *See Vautier,* 144 F.3d at 761; *Wyatt,* 115 F.3d at 610.