# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2287

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Missouri. |
| Roosevelt Sims, III, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: January 12, 1999

Filed: April 9, 1999

_____

Before RICHARD S. ARNOLD, HANSEN, and MORRIS SHEPPARD ARNOLD,
    Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Roosevelt Sims, III, was convicted and sentenced in 1993 on charges of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), § 841(b)(1)(A), and use of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). He was sentenced to 324 months imprisonment. In 1998, in response to a motion under 28 U.S.C. § 2255, the district court[1] dismissed Mr. Sims's

_____

[1]The Honorable Jean C. Hamilton, Chief United States District Judge for the Eastern District of Missouri.

§ 924(c) conviction in light of *Bailey v. United States*, 516 U.S. 137 (1995), vacated Mr. Sims's original sentence, and resentenced him to 292 months imprisonment. Mr. Sims appeals the resentencing, and we affirm the judgment of the district court.

## I.

At the resentencing hearing, Mr. Sims asked the district court to consider a downward departure from the recommended sentencing range based on the extraordinary efforts at rehabilitation that he asserts he has made in prison since his original sentencing five years ago. The district court refused Mr. Sims's request because it believed that it lacked the authority to consider post-sentencing rehabilitation as a basis for downward departure. On appeal, Mr. Sims contends that the district court erred in refusing his request.

We have held that a defendant's post-offense rehabilitative conduct -- that is, conduct from arrest up to the time of the sentencing – can, if sufficiently atypical, furnish an appropriate basis for downward departure. *United States v. Kapitzke*, 130 F.3d 820, 822-24 (8th Cir. 1997). Mr. Sims now asks us to extend this holding to permit downward departures based on post-sentencing rehabilitative conduct, as well -- that is, rehabilitation that takes place behind the prison walls during the period between the original sentencing and a resentencing.

In support of his position, Mr. Sims directs our attention to cases from other circuits that hold that post-sentencing rehabilitation can indeed provide an appropriate basis for a downward departure at a resentencing. *See United States v. Green*, 152 F.3d 1202, 1207-08 (9th Cir. 1998) (*per curiam*); *United States v. Rhodes*, 145 F.3d 1375, 1377-82 (D.C. Cir. 1998); and *United States v. Core*, 125 F.3d 74, 76-79 (2d Cir. 1997), *cert. denied*, 118 S. Ct. 735 (1998). *See also United States v. Brock*, 108 F.3d 31, 33-35 (4th Cir. 1997). Relying on the Supreme Court's decision in *Koon v. United States*, 518 U.S. 81 (1996), these cases reason that post-sentencing

rehabilitation may support a departure because consideration of this factor is not specifically proscribed by the Sentencing Commission.

We respectfully disagree with the other appellate courts that have examined this issue. We do not think that *Koon* is controlling here. While there is language in *Koon* that can be taken to support Mr. Sims's argument, its context disqualifies it for application to the present situation. Cases cannot be read like statutes. *Koon* addressed the matters that a district court may properly consider in departing from the guidelines at an *original* sentencing. The Court never addressed the question of whether post-sentencing events might support a departure at a *resentencing* because that matter was not before it. We therefore do not think that *Koon* should be read to require district courts to consider a defendant's post-sentencing rehabilitative conduct as a basis for downward departure at resentencing.

We believe, moreover, that a rule permitting a downward departure based on post-sentencing rehabilitation makes little legal sense. First, such a rule, in our opinion, contributes to the very disparity in sentencing that the Sentencing Reform Act of 1984 and its subsequent amendments, *see* 18 U.S.C. §§ 3551-3586, seek to prevent. It creates a situation in which a few lucky defendants, simply because of a legal error in their original sentencing, receive a windfall in the form of a reduced sentence for good behavior in prison. Other defendants, with identical or even superior prison records, would be required to serve the entirety of their original sentence with only the limited good-time credits available under 18 U.S.C. § 3624. Permitting a downward departure based on post-sentencing rehabilitation thus seriously undermines the Sentencing Reform Act's goal of "avoiding unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar criminal conduct," *see* 28 U.S.C. § 991(b)(1)(B). Even if this were not the avowed purpose of the Sentencing Reform Act, we would be more than a little reluctant to embrace a rule that depended so heavily on a fortuity for its operation.

In fact, it may well be that the Sentencing Reform Act precludes a sentencing court from considering post-conviction rehabilitation at resentencing. *See United States v. Rhodes*, 145 F.3d at 1384 (Silberman, J., dissenting). In the Sentencing Reform Act, Congress abolished the parole system and granted statutory authority to the Bureau of Prisons to award limited good-time credits to prisoners who show "exemplary compliance with institutional disciplinary regulations." *See* 18 U.S.C. § 3624(b)(1). In order to determine whether a defendant is eligible for a downward departure for exemplary conduct in prison, a district court must make the very same determination that Congress chose to place within the authority of the Bureau of Prisons. Permitting a downward departure at a resentencing based on post-sentencing rehabilitation thus may interfere with the Bureau of Prisons's statutory power to award good-time credits to prisoners. *See United States v. Rhodes*, 145 F.3d at 1384 (Silberman, J., dissenting).

Some of our prior decisions set forth what we believe is a sensible rule for determining on what matters a district court may rely in departing from the guidelines at a resentencing. " 'Once a sentence has been vacated or a finding related to sentencing has been reversed and the case has been remanded for resentencing, the district court can hear any relevant evidence on that issue that it could have heard at the first hearing.' " *United States v. Behler*, 100 F.3d 632, 635 (8th Cir. 1996), *cert. denied*, 118 S. Ct. 152 (1997), quoting *United States v. Cornelius*, 968 F.2d 703, 705 (8th Cir. 1992). Therefore, a defendant's rehabilitative efforts up to the time of the original sentencing can and should be considered by the district court at a resentencing. *See United States v. Kapitzke*, 130 F.3d at 823-24. Rehabilitation that takes place behind the prison walls after the original sentencing, however, is not relevant, since the sentencing court obviously could not have considered it at the time of the original sentencing.

We conclude that because a defendant's post-sentencing rehabilitative conduct cannot be an appropriate basis for a downward departure at a resentencing of that

defendant, the district court did not err in refusing to consider Mr. Sims's request for such a departure.

## II.

Mr. Sims also appeals from the district court's refusal to grant a continuance so that his newly-retained counsel could prepare for and be involved in the resentencing hearing. After carefully reviewing the transcript of the resentencing hearing, we are satisfied that Mr. Sims was well represented by his appointed counsel, who raised all of the issues that his retained counsel raises on appeal. We conclude therefore that any error in refusing Mr. Sims's request was harmless.

For the foregoing reasons, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.