[NOT FOR PUBLICATION—NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

No. 99-1795

UNITED STATES,

Appellee,

v.

ALFREDO UGARTE-CASTRO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

Before

Torruella, Chief Judge,
Stahl and Lynch, Circuit Judges.

Alfredo Ugarte-Castro on brief pro se.
Guillermo Gil, United States Attorney, Jorge E. Vega-Pacheco, Assistant United States Attorney, and Nelson Perez Sosa, Assistant United States Attorney, on brief for appellee.

September 29, 2000

**Per Curiam**.  Appellant Ugarte-Castro appeals a denial of his motion for a second resentencing under 18 U.S.C. § 3582(c)(2).  Appellant now seeks a reduction in his term of imprisonment under the "safety valve" provision.  See 18 U.S.C. § 3553(f).  He says that in 1996, when a lowering of his guidelines' sentencing range eventuated in his being resentenced to a 188-month term of imprisonment, his attorneys "should have also moved for a reduction in his sentence under the safety valve provision."  The district court denied the current motion on the merits of the safety valve factors.

The district court correctly denied the motion, although it need not have reached the merits.  The court lacked authority under § 3582(c)(2) to modify the previously imposed sentence.  Appellant did not appeal from the 1996 resentencing judgment.  His current motion is not based on a "subsequently" lowered guidelines range, nor on any of the other "limited circumstances" which trigger a court's authority, under § 3582(c), to modify a previously imposed sentence.  United States v. Jordan, 162 F.3d 1, 5 (1st Cir. 1998), cert. denied, 526 U.S. 1105 (1999).

As the government points out, a district court is vested with the authority to entertain motions to correct a

sentence pursuant to 28 U.S.C. § 2255. However, we do not construe this motion as one brought under § 2255, since it appears to have been filed well beyond the statute's limitations period, appellant insists that it was not intended as a § 2255 petition, and neither the court nor the parties addressed the complexities of § 2255 below.

For these reasons, we also need not reach the parties' arguments about the temporal applicability of the safety valve provision to appellant's sentence or resentence.

Affirmed.