# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 99-2102

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| | * | |
| Hamedah A. Hasan, also known as | * | |
| Stephanie Lomax, | * | [PUBLISHED] |
| | * | |
| Appellee. | | |

_____

Submitted: September 14, 2000
Filed: April 3, 2001

_____

Before WOLLMAN, Chief Judge, McMILLIAN, RICHARD S. ARNOLD,
   BOWMAN, BEAM, LOKEN, HANSEN, MORRIS SHEPPARD ARNOLD,
   MURPHY, and BYE, Circuit Judges, En Banc.

_____

HANSEN, Circuit Judge.

   The government appeals the district court's decision to grant Hamedah A. Hasan
an eight-level downward departure on the basis of post-sentencing rehabilitation at her
18 U.S.C. § 3582(c)(2) resentencing. Initially, a divided panel of this court affirmed
the district court's judgment. See United States v. Hasan, 205 F.3d 1072 (8th Cir.
2000), petition for reh'g en banc granted, 213 F.3d 1049 (2000). We vacated that

opinion and judgment, however, and granted rehearing before the en banc court. We now reverse and remand with directions.

I.

In 1993, Hasan was convicted by a jury of conspiracy to distribute and possession with intent to distribute cocaine and cocaine base, three counts of distribution of and possession with intent to distribute cocaine, two counts of distribution of cocaine base, one count of interstate travel in aid of racketeering, and one count of use of a communication facility in furtherance of a conspiracy. Hasan was held responsible for 5.9 kilograms of cocaine base, which placed her at a base offense level of 40 under the 1992 edition of the United States Sentencing Guidelines Manual (USSG). Additionally, Hasan was given a three-level upward adjustment for her role as a manager in the conspiracy. With a total offense level of 43, Hasan was sentenced to life imprisonment on two counts and lesser concurrent sentences ranging from 48 to 480 months on the other counts.

Thereafter, on November 1, 1994, Congress approved Amendment 505 to the Sentencing Guidelines which eliminated base offense levels 39 and 40 from the Drug Quantity Table of the Sentencing Guidelines. See USSG App. C, Amend. 505 (1995). This amendment was made retroactive, see USSG § 1B1.10, and Hasan filed a motion to modify her sentence, pursuant to 18 U.S.C. § 3582(c)(2), seeking the benefit of the retroactive amendment. Hasan also asked the district court to consider her post-sentencing in-prison rehabilitative conduct as grounds for a USSG § 5K2.0 downward departure below the 324 to 405 month range she had become eligible for as a result of Amendment 505.

The district court applied Amendment 505 to Hasan, which resulted in a new total offense level of 41, and stated that "[c]hanging nothing but the amended sentencing range," it would have sentenced her to 324 months of imprisonment, the

2

lowest possible sentence in the newly available range. (<u>See</u> Appellant's Adden. at 18.) The district court then granted her separate motion for a downward departure based on her good in-prison conduct. The district court departed eight levels downward to a total offense level of 33 and resentenced her to 144 months in prison. The government appeals the grant of her motion for a downward departure in this § 3582(c)(2) resentencing proceeding.

## II.

"We review the district court's decision to grant a downward departure for an abuse of discretion." <u>United States v. Weise</u>, 89 F.3d 502, 506 (8th Cir. 1996) (citing <u>Koon v. United States</u>, 518 U.S. 81, 91 (1996)). The district court relied on <u>United States v. Wyatt</u>, 115 F.3d 606 (8th Cir. 1997), and statutory language directing a consideration of policy statements for its legal conclusion that it had the authority to grant a downward departure for extraordinary post-sentencing rehabilitation under USSG § 5K2.0 at a § 3582(c)(2) resentencing. We respectfully disagree with that conclusion. When a district court exercises its discretion based on an erroneous view of the law, it necessarily abuses its discretion. <u>See</u> <u>First Bank v. First Bank Sys., Inc.</u>, 84 F.3d 1040, 1044 (8th Cir. 1996).

Section 3582(c)(2) provides for resentencing after a term of imprisonment has been imposed on the following basis:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

3

18 U.S.C. § 3582(c)(2).

We concluded in Wyatt that this statute "requires a district court to make two distinct determinations" at a resentencing. 115 F.3d at 609. First, "the district court must determine what sentence it would have imposed had the new sentencing range been the range at the time of the original sentencing." Id. The court must leave all previous factual determinations intact at this point and simply determine "what sentence it would have imposed had the retroactive amendment been in effect at the time the defendant was sentenced." Id. at 608; see also USSG § 1B1.10 (1998).

The second step requires the district court to decide whether to give the defendant the benefit of that particular reduced sentence (as determined in step one of the analysis). While Amendment 505, which triggered the § 3582(c)(2) motion, is retroactive, the district court retains the discretion to determine whether to resentence the defendant within the new lower range. It is not required to do so, and a new lesser sentence is not to be automatically awarded. See id. at 609; see also USSG § 1B1.10, comment. (backg'd) (noting that the listing of an amendment as retroactive provides a discretionary reduction "and does not entitle a defendant to a reduced term of imprisonment as a matter of right"). In making this second discretionary determination, the district court considers the facts before it at the time of the resentencing, in light of the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, and it may thus reduce the original sentence to the point determined in step one as long as the reduction is consistent with applicable policy statements of the Sentencing Commission. See 18 U.S.C. § 3582(c)(2). In this second step of the Wyatt analysis, the guiding factors in § 3553(a) and the applicable policy statements of the Sentencing Commission are not grounds for an additional departure below the new sentence length already determined by the district court in step one. Rather, these factors guide the district court's second-step discretionary determination of whether to reduce Hasan's sentence to 324 months.

Here, the district court made two distinct determinations. In the first step, the district court specifically found that it would have imposed a sentence of 324 months of imprisonment under the new sentencing range. The district court erred in its second-step determination, however, because in addition to determining whether to grant the authorized sentencing reduction, the district court further granted a departure below the newly available range on the basis of Hasan's post-sentencing rehabilitation efforts. Although Hasan's in-prison conduct subsequent to her initial sentencing has been commendable and extremely positive, it should have been considered only to aid the district court's second-step determination of whether to resentence her within the new sentencing range. For the reasons that follow, we conclude that the additional eight-level downward departure below the new Guidelines range on the basis of post-sentencing rehabilitation was not authorized by the terms of either the statute or the Guidelines.

The language of the statute, 18 U.S.C. § 3582(c)(2), is clear. The factors set forth in § 3553(a) and the applicable policy statements are to be considered only when making the decision whether to reduce a term of imprisonment as a result of the Sentencing Commission's lowering of the sentencing range. The statute does not say that the court may reduce the term of imprisonment below the amended sentencing range or that the § 3553(a) factors or the applicable policy statements should be considered for such an additional reduction.

In § 3582(c)(2), Congress committed "the making of certain policy judgments to the Sentencing Commission." United States v. Jordan, 162 F.3d 1, 5 (1st Cir. 1998), cert. denied, 526 U.S. 1105 (1999); see 28 U.S.C. § 994(u) (Sentencing Commission has authority to "specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."). Accordingly, the Sentencing Commission issued USSG § 1B1.10, the "applicable policy statement," to govern the implementation of § 3582(c)(2). This policy statement specifically addresses when a reduction in a term of imprisonment is authorized under

5

the statute. It states, "[i]n determining whether, and to what extent, a reduction in sentence is warranted for a defendant eligible for consideration under 18 U.S.C. § 3582(c)(2), the court should consider the sentence that it would have imposed had the amendment(s) to the guidelines listed in subsection (c) been in effect at the time the defendant was sentenced." USSG § 1B1.10(b).

The Sentencing Commission has also established limits on the relief which can be given to a prisoner at a § 3582(c)(2) resentencing. Application Note 3 to § 1B1.10 provides in part: "Under subsection (b), the amended guideline range and the term of imprisonment already served by the defendant limit the extent to which an eligible defendant's sentence may be reduced under 18 U.S.C. § 3582(c)."

The only time a district court is authorized by § 1B1.10 to depart downward from the amended sentencing range at a § 3582(c) resentencing is when a downward departure previously had been granted at the original sentencing. "When the original sentence represented a downward departure, a comparable reduction below the amended guideline range may be appropriate . . . ." USSG § 1B1.10, comment. (n.3). It goes without saying that Ms. Hasan did not and could not have received a downward departure at her original sentencing for post-sentencing in-prison good conduct. The departure granted by the district court to Ms. Hasan at her resentencing is not consistent with the applicable policy statement (§ 1B1.10 ) issued by the Sentencing Commission to govern § 3582(c)(2) resentencings, and therefore runs afoul of § 3582(c)(2) itself which requires action "consistent with applicable policy statements issued by the Sentencing Commission."

Additionally, the commentary to USSG § 1B1.10 states as follows:

The listing of an amendment in subsection (c) reflects policy determinations by the Commission that a reduced guideline range is sufficient to achieve the purposes of sentencing and that, in the sound

6

discretion of the court, a reduction in the term of imprisonment may be appropriate for previously sentenced, qualified defendants. The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, <u>does not authorize a reduction in any other component of the sentence</u>, and does not entitle a defendant to a reduced term of imprisonment as a matter of right.

USSG § 1B1.10, comment. (backg'd.) (emphasis added).

This governing policy statement indicates that no further reduction on the basis of post-original sentencing conduct is authorized because such conduct would not have been available for consideration at the original sentencing. Any policy statement that would further reduce a component of the sentence on the basis of good in-prison conduct after sentencing is simply not "applicable" to this resentencing process. To the extent other policy statements might be relevant, they should only be considered to aid the discretionary decision of whether to grant the § 3582(c)(2) motion. In any event, a § 3582(c)(2) reduction to a point within the new lower range as determined in step one must be "consistent with applicable policy statements" instead of being further reduced by those policy statements. The Sentencing Commission stated that the new "guideline range is sufficient to achieve the purposes" of the retroactive amendment that triggered the resentencing. <u>Id.</u> The district court erred in its determination that the factors in § 3553(a) and the § 5K2.0 departure policy statements of the Sentencing Commission could be used to <u>additionally</u> reduce the defendant's sentence below the newly available sentencing range by entertaining a totally new downward departure motion outside the bounds of a § 3582(c)(2) resentencing based upon post-original sentencing conduct. <u>See</u> <u>Jordan</u>, 162 F.3d at 5 (holding that a § 5K2.0 motion for downward departure that was not available at the time of the defendant's original sentencing cannot be considered at a § 3582(c)(2) resentencing by the very terms of the guideline).

7

The district court singled out the factor in § 3553(a)(5), which directs a district court to consider any pertinent policy statement when sentencing a defendant. The district court concluded that this factor allowed it to look to § 5K2.0 for downward departure authority in this case. We conclude that this was error for the reasons stated above, and we also note that in doing so the district court disregarded Congress's concern with avoiding disparity in sentences. Simultaneously with its mandate to consider "pertinent" policy statements, 18 U.S.C. § 3553(a)(5), Congress has manifested a concern for avoiding disparity in sentencing. Section 3553(a)(6) expressly instructs the district court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." The district court cannot apply only the § 3553(a)(5) factor and completely ignore the (a)(6) factor addressing the avoidance of disparity in sentences, which is one of the main goals of the Sentencing Guidelines.

Although the Sentencing Commission has authorized a lower sentencing range by enacting Amendment 505, allowing a further downward departure based on post original sentencing in-prison good conduct would result in a substantial windfall to those defendants who trafficked in exceptionally large quantities of drugs and who fortuitously benefit from a § 3582(c)(2) resentencing, in contrast to a defendant who committed the same substantive offense and who has an identical or even superior prison record but who was not affected by Amendment 505 and cannot qualify for a § 3582(c) resentencing. For example, Amendment 505, which triggered Hasan's resentencing opportunity, only affected base offense levels greater than level 38. At resentencing, Hasan's Amendment 505 base offense level (holding her responsible for 5.9 kilograms of cocaine base) was 38. She was then given a three-level enhancement for her role in the offense, resulting in an adjusted offense level of 41 (324-405 months). However, based on her exemplary in-prison conduct, the district court granted her a downward departure to level 33 and sentenced her to 144 months. By contrast, a defendant who committed the same substantive offenses as Hasan, but who was held responsible for only one kilogram of cocaine base would have had a base

offense level of 36, which together with a similar three-level role enhancement for Hasan-type management activity, would have resulted in a sentence at level 39 (262-327 months).  Though this hypothetical defendant may have had an equally impressive prison conduct record, because her original base offense level was not above level 38 Amendment 505 would not apply to her, and she would have no post-sentencing opportunity for a § 3582 (c)  resentencing, let alone an opportunity for an extra downward departure on the basis of her own exemplary prison conduct record.  As a result, the hypothetical defendant would be required to serve her original sentence in its entirety with only the good-time credits available under 18 U.S.C. § 3624 to ameliorate her plight.  That defendant would be in prison substantially longer, in fact up to as much as 183 months (or 15 years and three months) longer, than Hasan will be because that defendant would not be given the opportunity to have her exemplary in-prison conduct considered in a new motion for downward departure at a § 3582(c)(2) resentencing.  This type of disparity offends both the Congress's and the Sentencing Commission's concerns for adequate but not disparate punishment.  Reading § 3553(a)(5) as a means to reward Hasan for her good in-prison conduct violates the very objective of reducing sentencing disparity that Congress sought to achieve in enacting the Sentencing Reform Act of 1984.

Our own circuit precedent prohibits consideration of post-sentencing rehabilitation at resentencing.  See United States v. Sims, 174 F.3d 911 (8th Cir. 1999) (holding in a § 2255 resentencing context that post-sentencing rehabilitative conduct was not an appropriate basis for a downward departure at resentencing).  In Sims, we explained that "permitting a downward departure based on post-sentencing rehabilitation makes little legal sense."  174 F.3d at 912.  We noted that "[r]ehabilitation that takes place behind the prison walls after the original sentencing . . . is not relevant, since the sentencing court obviously could not have considered it at the time of the original sentencing."  Id. at 913.

9

In the Sims decision, we also recognized that Congress has already put into place a procedure to account for a defendant's excellent prison conduct by abolishing the parole system and granting statutory authority to the Bureau of Prisons to award good-time credits pursuant to 18 U.S.C. § 3624, an administrative remedy which may well preclude a court from considering post-sentencing rehabilitation at resentencing. See id. We stated that "[i]n order to determine whether a defendant is eligible for a downward departure for exemplary conduct in prison, a district court must make the very same determination that Congress chose to place within the authority of the Bureau of Prisons." Id. By granting Ms. Hasan's downward departure motion based on her in-prison conduct, she is given the opportunity to be rewarded twice for the same efforts, a sort of reverse "double counting." As we stated in Sims, "[p]ermitting a downward departure at a resentencing based on post-sentencing rehabilitation thus may interfere with the Bureau of Prison's statutory power to award good-time credits to prisoners." Id.

Ms. Hasan asserts that the reasoning of the Sims case is not controlling in this instance because Sims was decided in the context of a § 2255 motion rather than in the context of a § 3582(c)(2) motion. We are not persuaded by such a distinction without a difference. A resentencing under either § 2255 or § 3582(c)(2) requires the district court to consider the general sentencing factors listed in § 3553(a) when imposing an appropriate sentence. While Sims involved a limited resentencing in light of Bailey v. United States, 516 U.S. 137 (1995), and the present case is a limited resentencing in light of a retroactive amended Guideline range, the same sentencing principles guide the court's discretion, and the broad language of Sims gives no basis for drawing a distinction between the two. Nowhere does Sims indicate that although post-sentencing rehabilitative conduct cannot be considered at a § 2255 resentencing, it would be proper to consider it at other resentencings. Although the en banc court has the power to overrule a prior panel opinion, we decline to do so because we are convinced that Sims correctly decided the issue.

Additionally, subsequent to our decision in <u>Sims</u> and subsequent to the district court's decision in this case, the Sentencing Commission proposed and Congress approved an amendment to the Sentencing Guidelines specifically prohibiting the consideration of post-sentencing rehabilitation as a basis for a downward departure at resentencing.[1] Thus, as the Guidelines read today, a district court is expressly prohibited from considering post-sentencing rehabilitative conduct as a basis for a new § 5K2.0 motion in a resentencing. The Sentencing Commission did not find it necessary to draw any distinction between a resentencing under § 2255 or § 3582(c)(2). <u>See</u> USSG § 5K2.19 (2000). Allowing a downward departure on the basis of post-original sentencing rehabilitation is inconsistent with the policies established by Congress under 18 U.S.C. § 3624(b) for reducing the time to be served by a prisoner, <u>see</u> USSG § 5K2.19, comment. (backg'd), is inconsistent with the underlying goals of the Sentencing Reform Act as a whole, <u>see</u> <u>Sims</u>, 174 F.3d at 912-13 (citing 28 U.S.C. § 991(b)(1)(b)), and is inconsistent with both the very express language of the Sentencing Guidelines as they read today as well as the clear language of the Guidelines as they read at the time of Ms. Hasan's resentencing (as demonstrated earlier in this opinion).

Ms. Hasan contends that the departure in her resentencing is consistent with prior case law in our circuit, namely <u>United States v. Wyatt</u>, <u>United States v. Williams</u>, 103 F.3d 57 (8th Cir. 1996), and <u>United States v. Mihm</u>, 134 F.3d 1353 (8th Cir. 1998). We disagree, concluding instead that each of these cases is distinguishable. In <u>Wyatt</u>, we allowed the district court to consider the defendant's post-original sentence escape as relevant to his nature and characteristics (§ 3553(a) factors) in making the decision whether to grant a § 3582(c)(2) reduction. <u>See</u> 115 F.3d at 610. The post-original sentence escape was not considered in relation to any additional reduction, or for that matter, as authorizing an upward departure from the newly available range to

_____

[1]Amendment 602 became effective on November 1, 2000, after the en banc oral arguments in this case.

account for that post-original sentence bad conduct.  Moreover, our decision in <u>Wyatt</u> is consistent with our decision here.  In both <u>Wyatt</u> and this case, we permit the district court to use post sentencing conduct (both good and bad) to inform its discretionary decision whether to grant the defendant the benefit of an amended, retroactive, and lowered guideline range.

In <u>Williams</u>, we allowed the government to seek a § 3553(e) substantial assistance reduction below the statutory minimum sentence at a § 3582(c)(2) resentencing.  <u>See</u> 103 F.3d at 58.  Williams already had received, through a proper Fed. R. Crim. P.  35(b) motion, (prior to any § 3582(c)(2) motion being filed) a 55% reduction from the bottom of the range of his sentence as initially determined based upon substantial assistance rendered within one year of the imposition of his sentence.  <u>See</u> <u>id.</u>  No subsequent post-sentencing conduct occurring after the Rule 35(b) reduction was put forward by the government in support of the § 3553(e) motion.  After the enactment of Amendment 505, Williams sought a § 3582(c)(2) resentencing based on a lowered guideline range.  Because the newly lowered sentencing range approached the statutory mandatory minimum, the government sought a § 3553(e) reduction below the mandatory minimum sentence in order to allow Williams to retain the benefit of his previously rewarded substantial assistance.  <u>See</u> <u>id.</u>  While Williams's substantial assistance had been rendered post-sentencing, the conduct had already been accounted for in his Rule 35(b)-modified original sentence, and the further reduction in the § 3582(c)(2) resentencing context merely preserved the benefit of the defendant's previously rendered substantial assistance.  Contrary to the downward departure reduction Ms. Hasan has received, the reduction granted in <u>Williams</u> relied on no previously unaccounted for post-sentencing conduct but simply maintained a previously granted reduction for substantial assistance.  <u>See</u> USSG § 1B1.10, comment. (n.3), <u>ante.</u> at 6.

Post-sentencing conduct on the part of the defendant was not at issue in <u>Mihm</u>.  In <u>Mihm</u>, we concluded that the 18 U.S.C. § 3553(f) safety valve, which applies to

12

sentences "imposed on or after" September 23, 1994, could be applied in a § 3582(c)(2) resentencing that occurred after that date. 134 F.3d at 1355. A retroactive amendment to the Guidelines, Amendment 516, made Mihm eligible for a lower sentencing range, in which the newly available range fell below the otherwise applicable 120-month statutory minimum. See id. at 1354. Thus, in both Mihm and Williams, the retroactive amendment triggered the issue of whether the defendant should be allowed to end up with a sentence below the statutory minimum of 120 months. An important distinction from the present case is that the consideration of § 3553(f) as a statutory sentencing factor in Mihm did not require the district court to consider any post-original sentencing conduct by the defendant.

We conclude the district court erred in determining that the policy statement in USSG § 5K2.0 permitted a downward departure on the basis of post-original sentencing rehabilitation. For the reasons stated above, § 5K2.0 is not a relevant, "applicable," or "pertinent" policy statement within the language of § 3582(c)(2), except where it may previously have been used as a basis for departure at a defendant's original sentencing.[2]

III.

_____

[2]Even if we were to assume that § 5K2.0 was an "applicable" or "pertinent" policy statement, a § 5K2.0 downward departure could not possibly be "consistent with" the language of § 1B1.10. Unlike the previous panel opinion adopted by the dissent, we would not apply the rule of lenity by focusing on the statute's reference to "applicable policy statements" to the exclusion of the statute's "consistent with" requirement. See United States v. Warren, 149 F.3d 825, 828 (8th Cir. 1998) ("[E]verything from which aid can be derived" must be seized before invoking the rule of lenity); see also United States v. Nordic Village, Inc., 503 U.S. 30, 36 (1992) ("[A] statute must, if possible, be construed in such a fashion that every word has some operative effect.").

Accordingly, we reverse the district court's grant of the motion for downward departure. We remand to the district court with instructions to impose a sentence of 324 months as previously determined by the district court to be an appropriate application of Amendment 505.

RICHARD S. ARNOLD, Circuit Judge, dissenting, joined by McMILLIAN, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.


Judge Fagg's cogent opinion for the panel, 205 F.3d 1072 (8th Cir. 2000), which I joined, fully explains the reasons why the District Court did not exceed its authority in granting Ms. Hasan's motion for a further downward departure on the ground of extraordinary post-original-sentencing efforts at rehabilitation. I continue to agree with that opinion, and I therefore respectfully dissent.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

14