UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.                                                    No. 00-4574

MELVIN ADAMS,
                    *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, Senior District Judge.
(CR-93-102-F)

Argued: September 28, 2001

Decided: October 16, 2001

Before MICHAEL and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** George Alan DuBois, Assistant Federal Public Defender,
Raleigh, North Carolina, for Appellant. Banumathi Rangarajan,
Assistant United States Attorney, Raleigh, North Carolina, for Appel-
lee. **ON BRIEF:** Thomas P. McNamara, Federal Public Defender,
Raleigh, North Carolina, for Appellant. Janice McKenzie Cole,
United States Attorney, Anne M. Hayes, Assistant United States
Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Melvin Adams appeals the district court's order denying his motion for a downward departure at sentencing. We dismiss the appeal.

I.

In December 1993, a jury convicted Adams of multiple drug and firearm offenses. The district court sentenced him to 295 months in prison and imposed a fine of $12,000 — $2,000 for each of six counts of conviction. When Adams appealed we upheld his convictions but remanded for re-sentencing because he had been held accountable for a greater quantity of cocaine than the evidence warranted. *United States v. Morsley*, 64 F.3d 907 (4th Cir. 1995). On remand, in November of 1995, the district court reduced Adams' sentence to 248 months but did not reduce his fines.

In April 1997, Adams moved to vacate his sentence and conviction under 28 U.S.C. § 2255 (West Supp. 2001), arguing that he had received ineffective assistance of counsel during trial and that *Bailey v. United States*, 516 U.S. 137 (1995), rendered his conviction under 18 U.S.C. § 924(c) (1994) unlawful. The district court rejected the ineffective assistance claims but vacated Adams' § 924(c) conviction. At the re-sentencing hearing, Adams moved for a downward departure on the ground that he had made an extraordinary post-sentencing rehabilitation while in prison. The district court denied his motion for downward departure and sentenced him within the guideline range to 236 months. The court also reduced Adams' fine to $10,000. In determining that Adams was able to pay the fine, the district court relied on the statements of the United States Attorney and a parole officer, and did not make an independent determination that Adams was able to pay, as it was required to do by 18 U.S.C. §§ 3572(d) (1994) and 3663(f)(1) (West Supp. 2001). *See United States v. Miller*, 77 F.3d 71

(4th Cir. 1996); *cf. United States v. Dawkins*, 2 F.3d 711, 717 (4th Cir. 2000).

When Adams appealed in March 1998, he pursued only his ineffective assistance of counsel claims, and we affirmed the district court in an unpublished opinion. Adams never appealed the district court's failure to depart downward from the sentencing guidelines on the basis of extraordinary post-sentencing rehabilitation, or the district court's failure to make findings as to his ability to pay the fine.

On March 7, 2000, Adams petitioned the district court for a "Writ of Error Coram Nobis" on the ground that the court had failed to make findings as to his ability to pay the fine. Without questioning whether Adams was entitled to the writ, or whether Adams was entitled to bring any other challenge at this late date, the district court vacated the fine and gave Adams a third re-sentencing hearing so that it could "make the appropriate findings and enter an appropriate order with regard to the fine."

Adams moved quickly to broaden the scope of the hearing. He again asked the court to sentence him below the guideline range, again contending that he had made extraordinary post-sentencing rehabilitation. The district court denied his motion because it believed it had no authority to depart downward on this basis. The court then made findings as to Adams' ability to pay the fine and reimposed the $10,000 fine. Adams now appeals his sentence, contending that the district court should have considered his motion for a downward departure based on extraordinary post-sentencing rehabilitation. *See United States v. Bradstreet*, 207 F.3d 76 (1st Cir. 2000); *United States v. Rudolph*, 190 F.3d 720 (6th Cir. 1999); *United States v. Green*, 152 F.3d 1202 (9th Cir. 1998); *United States v. Rhodes*, 145 F.3d 1375 (D.C. Cir. 1998); *United States v. Core*, 125 F.3d 74 (2d Cir. 1997); and *United States v. Sally*, 116 F.3d 76 (3d Cir. 1997) (all holding that a court may depart downward when re-sentencing a defendant if the court finds defendant has made extraordinary rehabilitative efforts since first being sentenced for the instant offense); *but see United States v. Sims*, 174 F.3d 911 (8th Cir. 1999), and *United States Sentencing Guideline Manual* § 5K2.19 (2001) (disallowing departure on this basis).

II.

For the reasons that follow, we decline to reach the merits of Adams' appeal.

We note at the outset that Adams was not entitled to a writ of coram nobis to correct the procedural error in his second re-sentencing. This writ is available only in very limited circumstances, and then only to persons no longer in custody. *See United States v. Mandel*, 862 F.2d 1067, 1075 (4th Cir. 1989) ("federal courts have the power under the All-Writs Act, 28 U.S.C. § 1651(a)[,] to grant a writ of error *coram nobis* to vacate a conviction *after the sentence has been served*") (emphasis added); *cf. United States v. Morgan*, 346 U.S. 502 (1954); *see also Carlisle v. United States*, 517 U.S. 416, 429 (1996) ("it is difficult to conceive of a situation in a federal criminal case today where [a writ of coram nobis] would be necessary or appropriate.") (citations omitted). Adams, of course, was still in custody when he filed his petition and so was not eligible to obtain the writ.

By itself, however, this mistake would not have barred Adams' petition for a third re-sentencing. We have held that pro se pleadings "must" be held to "less stringent standards than pleadings drafted by attorneys and must [be] read . . . liberally." *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989). The appropriate motion for a collateral attack by a defendant in custody is 28 U.S.C. § 2255, and we therefore treat Adams' petition as though it were filed under that statute. *See, e.g.*, *United States v. Wilson*, 901 F.2d 378 (4th Cir. 1990) (holding that district court properly treated petition for writ of coram nobis as § 2255 motion).

But even when read as a § 2255 motion, the March 2000 petition should have been procedurally barred. After the district court re-sentenced him in January 1998, Adams was entitled to pursue a direct appeal from the court's orders. Adams failed to do this, and he has not shown the cause and prejudice that would entitle him to a collateral attack after having waived his appeal rights. His § 2255 petition should therefore have been barred. *See Stone v. Powell*, 428 U.S. 465, 478 n.10 (1976); *Coleman v. Thompson*, 501 U.S. 722 (1991); 3

Charles Alan Wright, *Federal Rules of Criminal Procedure* § 596.1 (2nd ed. 1982 & Supp. 2001).

Because the government did not raise this procedural bar in the district court or on appeal we need not vacate the district court's grant of Adams' § 2255 motion. *See United States v. Metzger*, 3 F.3d 756, 757 (1993). But the court's mistaken grant is the only reason Adams was able to raise the issue of post-sentencing rehabilitation. (Post-sentencing rehabilitation cannot, by itself, serve as the basis for a § 2255 motion.) In the interests of "judicial efficiency [and] conservation of scarce judicial resources," *id.* at 758, we will not now permit Adams to raise his procedurally derivative issue on appeal when the § 2255 motion on which it depends should have been barred.

Accordingly, the appeal is

*DISMISSED*.