United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 97-1535
_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| George Henry Mihm, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: October 21, 1997
Filed: January 27, 1998
_____

Before WOLLMAN, LOKEN, and HANSEN, Circuit Judges.
_____

LOKEN, Circuit Judge.

This appeal raises a difficult sentencing question regarding the proper interplay between 18 U.S.C. § 3582(c)(2), which gives the sentencing court limited authority to reduce a prior sentence by retroactively applying amendments to the Sentencing Guidelines, and 18 U.S.C. § 3553(f), the prospective "safety valve" exception to mandatory minimum drug sentences. The district court concluded that a resentencing under § 3582(c)(2) must be done without regard to the § 3553(f) safety valve if the original sentence was imposed before the effective date of § 3553(f). We disagree and therefore remand for further sentencing proceedings.

In 1993, George Henry Mihm was sentenced to 160 months in prison for growing and conspiring to grow over one thousand marijuana plants and for failure to appear at trial. The marijuana offenses subjected Mihm to a mandatory minimum ten-year sentence. See 21 U.S.C. § 841(b)(1)(A)(vii). However, he was sentenced under the Guidelines because his sentencing range of 151 to 188 months was greater than the mandatory minimum. We affirmed his conviction and sentence. United States v. Mihm, 13 F.3d 1200 (8th Cir. 1994).

In determining Mihm's Guidelines sentencing range, the district court used a Guidelines formula that equated each marijuana plant to one kilogram of marijuana. See U.S.S.G. § 2D1.1(c), comment. (backg'd) (1992). In November 1995, the Sentencing Commission amended this provision to equate each marijuana plant to 100 grams of marijuana (unless the actual weight is greater). See U.S.S.G. App. C, Amendment 516, now codified at U.S.S.G. § 2D1.1(c), comment. (nn. (E) & backg'd). The Commission also concluded that this amendment may be applied retroactively to afford sentencing relief under 18 U.S.C. § 3582(c)(2). See U.S.S.G. § 1B1.10. Accordingly, Mihm filed a motion seeking § 3582(c)(2) relief.

Using the amended plant equivalency formula lowers Mihm's base offense level from 34 to 28, producing a Guidelines sentencing range of 78 to 97 months. That lower sentencing range brings the 120-month mandatory minimum sentence into play. In September 1994, Congress enacted the safety valve provision in § 3553(f), which provides that the district court "shall impose" a Guidelines range sentence, rather than the mandatory minimum, if it finds that the drug offense was non-violent and the offender has little or no criminal history, was not a leader in the offense, and cooperated with law enforcement officials. In his § 3582(c) motion, Mihm argued that he qualifies for § 3553(f) safety valve relief and therefore must be sentenced within his modified Guidelines range of 78 to 97 months.

The district court determined that Mihm is eligible for § 3582(c)(2) relief and turned to the safety valve issue. Section 3553(f) applies "to all sentences imposed on or after" September 23, 1994. Pub. L. No. 103-322, § 80001(c), 108 Stat. 1986 (1994).[1] Without determining whether Mihm is eligible for safety valve relief, the district court refused to invoke § 3553(f) in determining his reduced sentence under § 3582(c)(2), concluding that would be an improper retroactive application of the safety valve. Accordingly, the court resentenced Mihm to the mandatory minimum of 120 months on the marijuana offenses plus a one-day consecutive sentence for obstruction of justice because of his failure to appear.[2] Mihm appeals, arguing that the § 3553(f) safety valve should apply to his § 3582(c)(2) resentencing.

In United States v. Wyatt, 115 F.3d 606, 609 (8th Cir. 1997), a case decided after the district court issued its order in this case, we concluded:

> [A] motion to modify a sentence under section 3582(c) occasioned by a retroactive amendment which alters a previous Guideline range, requires a district court to make two distinct determinations. First, by substituting only the amended sentencing range for the originally determined sentencing range, and leaving all other previous factual decisions concerning particularized sentencing factors . . . intact, the district court must determine what sentence it would have imposed had the new sentencing range been the range at the time of the original sentencing. Second, having made the first determination, the district court must consider that determination together with the general sentencing

---

[1] The Sentencing Commission promulgated U.S.S.G. § 5C1.2 to restate and explain § 3553(f). Given the statute's explicit non-retroactivity, § 5C1.2 is not in the list of Guidelines amendments that may be retroactively applied. See § 1B1.10(c).

[2] The court grouped the two marijuana offenses, producing a base offense level of 26, and added a two-level enhancement for obstruction of justice because Mihm failed to appear for trial of the drug offenses, producing a total base level of 28. See U.S.S.G. §§ 2J1.6 & comment. (n. 3), 3C1.1, 3D1.2(c).

considerations contained in section 3553(a) and, in the exercise of its thus informed discretion, decide whether or not to modify the original sentence previously imposed.

The first determination, mandated by U.S.S.G. § 1B1.10(b), defines the impact of the new amendment on the previous Guidelines range. Because the district court omitted this step in Wyatt, we remanded for reconsideration of the § 3582(c)(2) motion. Here, on the other hand, it is undisputed that the district court correctly made this first, exclusively Guidelines-based determination.

The second determination is quite different, because it is based upon the district court's sentencing discretion *at the time it rules on the § 3582(c)(2) motion.* When a defendant is eligible for a § 3582(c)(2) reduction, the district court must consider all relevant *statutory* sentencing factors. That was the basis for our decision in United States v. Williams, 103 F.3d 57, 58 (8th Cir. 1996) (per curiam), where we held that the government may elect to move for a downward departure under 18 U.S.C. § 3553(e) at the time of a § 3582(c)(2) resentencing, even though it did not make such a motion at the time of original sentencing. Like § 3553(e), the § 3553(f) safety valve is a general sentencing consideration that the district court must take into account in exercising its present discretion to resentence under § 3582(c)(2). Read together, Wyatt and Williams clarify that the grant of § 3582(c)(2) relief to Mihm is a distinct sentencing exercise, one that results in a sentence "imposed on or after" September 23, 1994. Thus, there is no retroactivity bar to applying § 3553(f) in these circumstances. Accord United States v. Reynolds, 111 F.3d 132 (Table), 1997 WL 152032 (6th Cir. 1997), citing United States v. Clark, 110 F.3d 15, 18 (6th Cir. 1997); cf. United States v. Polanco, 53 F.3d 893, 898-99 (8th Cir. 1995), cert. denied, 116 S. Ct. 2555 (1996), applying § 3553(f) to a sentence imposed after appellate remand even though the original sentence preceded the statute's effective date.

This conclusion, while logical, produces a troublesome anomaly that led the Ninth Circuit to reach a contrary conclusion in a very similar case. When the original drug sentence was based upon a statutory mandatory minimum because the Guidelines had produced a *lower* sentencing range, this court and others have held that § 3582(c)(2) relief is not available because the original sentence was not, in the words of that statute, "based on a sentencing range that has subsequently been lowered." And if § 3582(c)(2) relief is not available, the defendant may not take advantage of the § 3553(f) safety valve because that statute is prospective only. See Warhol v. United States, 92 F.3d 1190 (Table), 1996 WL 406134 (8th Cir. 1996) (unpublished per curiam); accord United States v. Torres, 99 F.3d 360 (10th Cir. 1996), cert. denied, 117 S. Ct. 1273 (1997). The Ninth Circuit concluded that § 3553(f) does not apply to § 3582(c)(2) resentencings because it is extensive growers like Mihm who were initially sentenced according to the Guidelines, rather than the statutory minimum, and

> It makes no sense to impute a purpose to Congress to allow escape from the statutory minimum only to the criminal who grew five times as much marijuana [but] not the smaller-scale grower.

United States v. Stockdale, 129 F.3d 1066, 1069 (9th Cir. 1997). It may well be anomalous to grant Mr. Mihm, for example, safety valve relief, but not Mr. Warhol. But as we have explained, a fair reading of the two statutes makes § 3553(f) safety valve relief available to defendants who are eligible for § 3582(c)(2) relief. Therefore, it would violate the rule of lenity to deny § 3553(f) relief to Mr. Mihm because, in our view, there are others to whom it should also have been extended. See generally Bifulco v. United States, 447 U.S. 381, 387 (1980); United States v. R.L.C., 915 F.2d 320, 325 (8th Cir. 1990), aff'd, 503 U.S. 291 (1992).

For the foregoing reasons, the judgment of the district court is reversed and the case is remanded to the district court for further sentencing proceedings not inconsistent with this opinion. We have not considered whether Mr. Mihm is eligible for the

§ 3553(f) safety valve nor other issues that may arise under § 3582(c)(2) on remand.  We leave such issues in the first instance to the sentencing court.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.