**UNITED STATES of America,
Appellant,**

v.

**Hamedah A. HASAN, also known as
Stephanie Lomax, Appellee.**

**No. 99–2102.**

United States Court of Appeals,
Eighth Circuit.

Submitted: Jan. 11, 2000.

Filed: Feb. 29, 2000.

Adam C. Cortez, Assistant U.S. Attorney, Omaha, NE, argued, on behalf of appellant.

Korey L. Reiman, Lincoln, NE, argued (John Stevens Berry, Michael Hansen, on the brief), for appellee.

Before RICHARD S. ARNOLD, FAGG, and HANSEN, Circuit Judges.

FAGG, Circuit Judge.

After Hamedah A. Hasan was sentenced for conspiracy to distribute cocaine base in 1993, the drug quantity table in the U.S. Sentencing Guidelines (U.S.S.G.) was amended in a way that reduced Hasan's base offense level and thus lowered her sentence from life imprisonment to 324 to 405 months. Because the Sentencing Commission made the amendment retroactive, Hasan filed a motion to lower her sentence under 18 U.S.C. § 3582(c)(2), then asked the district court to depart below 324 months under U.S.S.G. § 5K2.0 and its statutory equivalent, 18 U.S.C. § 3553(b), based on her extraordinary prison record. The district court concluded § 3582(c) authorized consideration of Hasan's departure motion. Finding Hasan's efforts at rehabilitation in prison were indeed extraordinary, the district court departed from the Guidelines range and resentenced Hasan to 144 months imprisonment. The Government appeals the district court's resentencing order arguing the court lacked authority to depart from the resentencing range of 324 to 405 months. We disagree and affirm Hasan's new sentence.

■ When a defendant has been sentenced to a prison term based on a sentencing range that the Sentencing Commission later lowers, a court "may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. § ] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Section 3553(a) states that in deciding the sentence, the court shall consider, among other things, "any pertinent policy statement issued by the Sentencing Commission ... that is in effect on the date the defendant is sentenced." *Id.* § 3553(a)(5).

Do these statutes permit consideration of a departure from the applicable resentencing range under the policy statement found in U.S.S.G. § 5K2.0 and its statutory counterpart, 18 U.S.C. § 3553(b), for "mitigating circumstance[s] of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission"? Another court has said "no." In that court's view, the policy statement referred to by the statutes includes only U.S.S.G. § 1B1.10, the guideline implementing § 3582(c)(2), and not other guidelines like § 5K2.0. *See United States v. Jordan,* 162 F.3d 1, 3 (1st Cir.1998). The court also reasoned that because the § 5K2.0 argument was unavailable to the defendant at the time of original sentencing, the argument could not be considered at resentencing. *See id.* at 5.

■ Although this is not an unreasonable interpretation of the statutes, we believe the statutes' referral can also be reasonably viewed as including U.S.S.G. § 5K2.0. Eighth Circuit case law lends support to this view. A § 3582(c)(2) motion requires a district court to make two distinct decisions. *See United States v. Mihm,* 134 F.3d 1353, 1355 (8th Cir.1998). First, the district court must decide " 'what sentence it would have imposed had the new sentencing range been the range at the time of the original sentencing.' " *Id.* (quoting *United States v. Wyatt,* 115 F.3d 606, 609 (8th Cir.1997)). This is an "exclusively Guidelines-based determination" mandated by U.S.S.G. § 1B1.10. *Id.* Second, a district court must analyze the initial Guidelines-based decision in light of the general sentencing considerations contained in 18 U.S.C. § 3553(a) and "all relevant *statutory* sentencing factors." *Id.* (emphasis in original). This second decision "is based upon the district court's sentencing discretion *at the time it rules on the § 3582(c)(2) motion.*" *Id.* (emphasis in original). We have held the general sentencing considerations at the second stage include a § 3553(e) departure below both the resentencing range and the statutory minimum sentence for a defendant's substantial post-original-sentencing assistance, even though no § 3553(e) departure was sought at the original sentencing. *See United*

*States v. Williams,* 103 F.3d 57, 58 (8th Cir.1996) (per curiam). The general sentencing considerations also include the § 3553(f) "safety valve" departure below a statutory minimum sentence, even when the safety valve was not yet enacted at the time of the defendant's initial sentencing. *See Mihm,* 134 F.3d at 1355. This is so because "the grant of § 3582(c)(2) relief to [a defendant] is a distinct exercise, one that results in a sentence 'imposed [at the time of the resentencing.]'" *Id.* Thus, contrary to the *Jordan* court's view, we have held that when faced with a § 3582(c)(2) resentencing, a district court may consider grounds for departure unavailable to the defendant at the original sentencing. Further, the court in *Jordan* relied on the decision in *United States v. Stockdale,* 129 F.3d 1066 (9th Cir.1997), *cert. denied,* 525 U.S. 950, 119 S.Ct. 377, 142 L.Ed.2d 312 (1998), a case we recognized as directly contrary to our decision in *Mihm,* 134 F.3d at 1355–56.

■ Because we have read § 3582(c)(2) and § 3553(a) as permitting consideration of departures under § 3553(e) and § 3553(f), we believe § 3582(c)(2) and § 3553(a) can also reasonably be read to permit consideration of departures under § 3553(b). Although this may be debatable, because they are departures of different sorts, the rule of lenity requires us to resolve any reasonable doubt about the statutes' interpretation in a defendant's favor. *See United States v. Warren,* 149 F.3d 825, 828 (8th Cir.1998). We thus conclude a district court may consider a motion for a departure under § 5K2.0 or § 3553(b) at a § 3582(c)(2) resentencing.

■ The district court in this case used the proper analysis at Hasan's § 3582(c)(2) resentencing. First, the district court stated that if the resentencing range had applied at Hasan's initial sentencing, he would have sentenced Hasan to 324 months, the lowest end of the new range. Second, the district court properly looked to all the relevant statutory factors in § 3553(a) as they stood at the time of the resentencing. The district court noted

Hasan's extensive efforts to rehabilitate herself in prison when considering her history and characteristics, *see* 18 U.S.C. § 3553(a)(1), the need to protect the public from her further crimes, *see id.* § 3553(a)(2)(C), and her need for educational or vocational training, *see id.* § 3553(a)(2)(D). Under § 3553(a)(5), the district court also considered "pertinent policy statement[s] issued by the Sentencing Commission," including a departure under § 5K2.0 or its statutory twin, § 3553(b).

■ The Government argues the district court improperly relied on post-original-sentencing facts. Again, we disagree. In the § 3582(c)(2) context, we have held a district court must evaluate the general sentencing considerations in § 3553 and exercise its "sentencing discretion *at the time it rules on the § 3582(c)(2) motion.*" *Mihm,* 134 F.3d at 1355 (emphasis in original). Thus, we have held that when considering a § 3582(c)(2) motion, a district court may weigh a defendant's escape after his original sentencing when considering the defendant's nature and characteristics under § 3553(a). *See Wyatt,* 115 F.3d at 610. We have also held a district court properly considered a defendant's post-original-sentencing assistance in deciding whether to depart under § 3553(e) at a § 3582(c)(2) resentencing. *See Williams,* 103 F.3d at 58. The Government relies on *United States v. Sims,* 174 F.3d 911, 913 (8th Cir.1999), where we held rehabilitative conduct after original sentencing could not be considered at the defendant's resentencing following a successful § 2255 motion. *Sims* did not involve a § 3582(c)(2) motion, however, and the statutory language makes the difference.

In sum, we conclude that when presented with Hasan's § 3582(c)(2) resentencing motion, the district court properly considered Hasan's motion to depart from the Guidelines range based on Hasan's extraordinary rehabilitation in prison. Although the Government does not argue Hasan's rehabilitative efforts are not ex-

traordinary, we agree with the district court that they are. We thus affirm the district court's resentencing order.

HANSEN, Circuit Judge, dissenting.

I respectfully dissent.

The district court incorrectly applied the second step of the *Wyatt* two-step process. Under *Wyatt,* the district court first must "consider what sentence it would have imposed had the retroactive amendment been in effect at the time the defendant was sentenced." *United States v. Wyatt,* 115 F.3d at 608. Here, the district court determined that it would have imposed a sentence of 324 months, the lowest possible sentence in the newly available range. The second step of the *Wyatt* analysis requires the district court to decide whether to give the defendant the benefit of that particular reduced sentence (as determined in step one of the analysis). While Amendment 505, which triggered the § 3582(c)(2) motion, is retroactive, the district court retains discretion whether to resentence the defendant within the new lower range. It is not required to do so, and a new lesser sentence is not to be automatically awarded. *See id.* at 609. In making this second discretionary determination, the district court considers the facts before it at the time of the resentencing, in light of the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, and it may thus reduce the original sentence to the point determined in step one as long as the reduction is consistent with applicable policy statements of the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(2). In this second step of the *Wyatt* analysis, the guiding factors in § 3553(a) and the policy statements of the Sentencing Commission are not grounds for an additional departure below the new sentence length already determined by the district court in step one. Rather, these factors guide the district court's second-step discretionary determination of whether to grant the motion to reduce Ms. Hasan's sentence to 324 months.

With all due respect, I conclude that Ms. Hasan's post-sentencing rehabilitation efforts, as commendable and positive as they are, should be considered only to aid the district court's second-step decision of whether to resentence her to 324 months of imprisonment. This interpretation is consistent with the language of 18 U.S.C. § 3582(c)(2), which reads:

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(*o*), upon motion of the defendant ... the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

When the statute speaks of "applicable policy statements," I believe it refers to the policy statements which were to be issued by the Sentencing Commission governing such reductions in order to implement § 3582(c)(2), namely United States Sentencing Guidelines Manual (USSG) § 1B1.10, first promulgated November 1, 1989, and not all of the Commission's other existing policy statements on departure. The background commentary to USSG § 1B1.10 (1998) (emphasis added) states:

The listing of an amendment in subsection (c) reflects policy determinations by the Commission that a reduced guideline range is sufficient to achieve the purposes of sentencing and that, in the sound discretion of the court, a reduction in the term of imprisonment may be appropriate for previously sentenced, qualified defendants. The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, *does not authorize a reduction in any other component of the sentence,* and does not entitle a defendant to a reduced term of imprisonment as a matter of right.

To the extent other policy statements might be relevant, they should only be considered to aid the discretionary decision of whether to grant the § 3582(c)(2) motion. In any event, a § 3582(c)(2) reduction to the new lower range as determined in step one must be "consistent with applicable policy statements" instead of being further reduced by those policy statements. The district court erred in its determination that the factors in § 3553(a) and the § 5K2.0 departure policy statements of the Sentencing Commission could be used to *additionally* reduce the defendant's sentence below the newly available sentencing range by entertaining a totally new downward departure motion based upon post-original sentencing conduct.

The court's opinion asserts that the district court's decision is supported by *United States v. Wyatt, United States v. Williams,* and *United States v. Mihm.* All three cases are distinguishable from this case. In *Wyatt,* we concluded only that the district court could consider the defendant's subsequent escape as relevant to his nature and characteristics (§ 3553(a) factors) in making the decision whether the defendant should be granted a § 3582(c)(2) reduction. *See Wyatt,* 115 F.3d at 610. The post-original sentence escape was not considered in relation to any additional reduction, nor, for that matter, as authorizing an upward departure from the newly available range to account for that post-original sentence bad conduct.

Post-sentencing conduct on the part of the defendant was not at issue in *Williams* or *Mihm.* In *Williams,* the defendant already had received (prior to any § 3582(c)(2) motion being filed) a 55% reduction from the bottom of the range of his

sentence as initially determined based upon substantial assistance rendered both pre and post-sentencing. *See Williams,* 103 F.3d at 58.[1] To achieve the same effect at his resentencing under § 3582(c)(2), the government sought a reduction below the statutory minimum pursuant to 18 U.S.C. § 3553(e).[2] The district court said "no." On appeal, we allowed the government to seek the § 3553(e) reduction as part of the step one determination to give the defendant both the full benefit of the retroactive change in the sentencing range and the substantial assistance the court had previously rewarded. *See id.* at 59. In *Mihm,* we concluded that the 18 U.S.C. § 3553(f) safety valve, which applies to sentences "imposed on or after" September 23, 1994, could be applied to § 3582(c)(2) resentencings that occurred after September 23, 1994. *See Mihm,* 134 F.3d at 1355.

In *Mihm,* the retroactive amendment made the defendant eligible for a lower sentence, in which the newly available range fell below the otherwise applicable 120-month statutory minimum. Likewise in *Williams,* the retroactive amendment and the desire to retain the previously granted 55% reduction for substantial assistance together resulted in a sentence length below the statutory minimum. Thus, in both *Mihm* and *Williams,* the retroactive amendment triggered the issue of whether the defendant should be allowed to end up with a sentence below the statutory minimum of 120 months. Therefore, allowing the defendants relief in these cases did not violate the background commentary prohibiting "a reduction in any other component of the sentence."

---

1. Prior to the Commission's adoption of Amendment 505, the defendant in *Williams* had received a Federal Rule of Criminal Procedure 35(b) reduction from his original sentence based upon substantial assistance he had rendered within one year of the imposition of his sentence. His post-sentencing substantial assistance had already been lawfully accounted for through a proper Rule 35(b) motion and was reflected in the total 55% reduction he received below the range of his

initially determined sentence. No subsequent post-sentencing conduct occurring after the Rule 35(b) reduction was put forward by the government in support of the § 3553(e) motion.

2. Section 3553(e) authorizes the district court, upon motion of the government, to impose a sentence below the statutory minimum to reflect a defendant's substantial assistance.

USSG § 1B1.10, comment. (backg'd). In my opinion, none of the above cases can be read so broadly as to suggest that the district court can further depart below the new sentence term determined under step one on the basis of a post-original sentencing extraordinary prison record.

The court's opinion distinguishes *United States v. Sims* on the grounds that *Sims* involved a 28 U.S.C. § 2255 resentencing rather than a 18 U.S.C. § 3582(c)(2) resentencing. I am not persuaded by such a distinction without a difference. It is true that *Sims* was a limited resentencing in light of *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). So too, however, is a resentencing under § 3582(c)(2) a limited one, as the commentary to USSG § 1B1.10 makes clear. In the § 3582(c)(2) context, the district court makes only two limited determinations. First, the district court must determine what the sentence would have been had the retroactive amendment been in effect at the original sentencing. Second, the district court must decide whether the defendant should receive that particular sentence, but not a lower one. *See Wyatt*, 115 F.3d at 609. All previous factual decisions remain intact, *see id.*, and no other component of the sentence is reduced, *see* USSG § 1B1.10, comment. (backg'd).

Additionally, I do not think the broad language of *Sims* limits the prohibition against considering post-sentencing rehabilitative conduct only to § 2255 motions. *Sims* explains that "permitting a downward departure based on post-sentencing rehabilitation makes little legal sense." *Sims*, 174 F.3d at 912. "Rehabilitation that takes place behind the prison walls after the original sentencing ... is not relevant, since the sentencing court obviously could not have considered it at the time of the original sentencing." *Id.* at 913. Nowhere does *Sims* indicate that although post-sentencing rehabilitative conduct cannot be considered at a § 2255 resentencing, it would be proper to consider it at other resentencings.

Congress has already put into place a procedure to account for a defendant's excellent prison conduct by abolishing the parole system and granting statutory authority to the Bureau of Prisons to award good-time credits pursuant to 18 U.S.C. § 3624. *Id.* (citing *United States v. Rhodes*, 145 F.3d 1375, 1384 (D.C.Cir.1998) (Silberman, J., dissenting)). "In order to determine whether a defendant is eligible for a downward departure for exemplary conduct in prison, a district court must make the very same determination that Congress chose to place within the authority of the Bureau of Prisons." *Id.* By granting Ms. Hasan's downward departure motion based on her in-prison conduct, she is given the opportunity to be rewarded twice for the same efforts, a sort of reverse "double counting."

Although the Sentencing Commission has authorized a lower sentencing range through enacting Amendment 505, allowing a further downward departure based on in-prison conduct results in a windfall to those defendants who fortuitously benefit from a § 3582(c)(2) resentencing. For example, another defendant who has committed the same substantive offense as Ms. Hasan and who has an identical or even superior prison record, but who was not affected by Amendment 505 because that defendant was held responsible for only one kilogram of cocaine base rather than 5.9 kilograms as Ms. Hasan was, would be required to serve his original sentence in its entirety with only the good-time credits available under 18 U.S.C. § 3624. That defendant would be in prison substantially longer than Ms. Hasan will be because that defendant would not be given the opportunity to have his exemplary in-prison conduct considered in a new motion for downward departure at a § 3582(c)(2) resentencing. The Sentencing Commission determined that extending the Drug Quantity Table above level 38 was "not required to ensure adequate punishment given that organizers, leaders, managers, and supervisors of such offenses will receive a 4–, 3–, or 2–level enhancement for their role in

the offense." USSG Appendix C, Amendment 505. Allowing Ms. Hasan, who had received a three-level enhancement as a manager, to be resentenced at an offense level of 33 (after receiving an eight-level downward departure based on in-prison conduct) while a defendant responsible for only one kilogram of cocaine base who had no role enhancement and no post-sentencing downward departure opportunity for excellent prison deportment would be sentenced at an offense level of 36, offends both the Congress's and the Sentencing Commission's concerns with adequate and not disparate punishment.

This court has allowed a defendant's post-offense rehabilitative conduct, conduct from arrest up to the time of sentencing, to be a basis for downward departure, *see* *Sims,* 174 F.3d at 912; however, I would not extend that principle to post-sentencing rehabilitative conduct as the court's opinion does today. Consequently, I would reverse the district court's judgment and order Ms. Hasan to serve the 324 month sentence determined by the district court to be appropriate by application of Amendment 505.