# United States Court of Appeals
## For the First Circuit

No. 08-2062

UNITED STATES OF AMERICA,

Appellee,

v.

DUCAN FANFAN,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. D. Brock Hornby, U.S. District Judge]

Before

Lynch, Chief Judge,
Torruella, and Boudin, Circuit Judges.

J. Hilary Billings, for appellant.
Margaret D. McGaughey, Appellate Chief, with whom Paula D.
Silsby, United States Attorney, was on brief for appellee.

March 4, 2009

**TORRUELLA**, **Circuit Judge**. After much litigation, Appellant Ducan Fanfan's sentence for a drug offense involving crack cocaine became final. United States v. Fanfan, 468 F.3d 7 (1st Cir. 2006), cert. denied, 549 U.S. 1300 (2007). On July 9, 2008, Fanfan sought an adjusted sentence under 18 U.S.C. § 3582(c)(2) in light of a subsequent amendment to the guidelines that effectively reduced the guideline range for certain crack cocaine offenders. U.S.S.G. Amendment 706 (effective Nov. 1, 2007). The district court granted this request and imposed a sentence within the new guideline range. On the same day that the district court allowed his request, Fanfan filed a motion for reconsideration, asking the court to instead impose a variant sentence below the new guideline range based on the district court's Kimbrough discretion.[1] The district court refused and, in citing another district court decision, United States v. Julien, 550 F. Supp. 2d 138 (D. Me. 2008), indicated that it did not believe it had the legal authority to impose such a variant sentence in the § 3582(c)(2) context. Fanfan appeals this conclusion. After careful consideration, we affirm.

---

[1] As the Supreme Court has recently explained, "the point of Kimbrough" was to recognize "district courts' authority to vary from the crack cocaine Guidelines based on *policy* disagreement with them, and not simply based on an individualized determination that they yield an excessive sentence in a particular case." Spears v. United States, 129 S. Ct. 840, 843 (2009) (emphasis in original); Kimbrough v. United States, 128 S. Ct. 558, 575 (2007)).

# I. Discussion

The government contends that two independent reasons make abuse of discretion our standard of review. First, Fanfan challenges a decision made in the context of § 3582(c), to which abuse of discretion review applies. United States v. Rodríguez-Peña, 470 F.3d 431, 432 (1st Cir. 2006) (per curiam). Second, Fanfan challenges a denial of a motion for reconsideration, which we generally review for abuse of discretion. See Global NAPs, Inc. v. Verizon New Eng., Inc., 489 F.3d 13, 25 (1st Cir. 2007). But since Fanfan charges the district court with misconstruing its legal authority, our review is effectively de novo. See United States v. Caraballo, 552 F.3d 6, 8-9 (1st Cir. 2008) (stating, in the § 3582(c)(2) context, that "[a] material error of law is perforce an abuse of discretion" and that since appellant challenged the meaning of § 3582(c)(2), he presented "purely a question of statutory interpretation," in which "the court's answer . . . engenders de novo review"); see also United States v. Melvin, F.3d ___, ___, No. 08-13497, 2009 WL 236053, at *2 (11th Cir. Feb 3, 2009) ("We review de novo the district court's determination of the scope of its authority to reduce a sentence under 18 U.S.C. § 3582.").

We also choose not to limit our review in this case based on the fact that Fanfan's challenge arose on a motion for reconsideration. It is true that Fanfan could have raised his

Kimbrough argument in his initial motion. And we have said, "[t]he presentation of a previously unpled and undeveloped argument in a motion for reconsideration neither cures the original omission nor preserves the argument as a matter of right for appellate review." Iverson v. City of Boston, 452 F.3d 94, 104 (1st Cir. 2006). But, in this case, we chose to bypass the government's waiver arguments because Fanfan presents a question of law likely to recur and because the district court did confront and resolve the issue presented. See United States v. Giggey, 551 F.3d 27, 37 (1st Cir. 2008) (en banc) (bypassing waiver due, in part, to need for clarity).

Turning to the merits, we must determine what authority the following provision confers on district courts in these circumstances:

> (c) The court may not modify a term of imprisonment once it has been imposed except that--
> . . .
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable

-4-

policy statements issued by the
Sentencing Commission.

18 U.S.C. § 3582(c)(2). This statute acts as a limited exception to the final judgment rule by conferring power on the district court to adjust a final sentence when a particular trigger is met. See Caraballo, 552 F.3d at 9. Here, Fanfan was able to meet this trigger because his guideline range was lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o). The district court thus had authority to adjust the sentence pursuant to this section.

The question presented in this case is the extent of that power. Fanfan argues that district courts should engage in resentencing, considering all applicable factors, including their Kimbrough discretion, to reach a new reasonable sentence. Fanfan relies on the portion of the section which instructs district court judges to provide adjustments "after considering the factors set forth in section 3553(a) to the extent that they are applicable."

We disagree with Fanfan's position, though we do not agree with all of the government's arguments against that position. First, the government contends that Fanfan already received his reduction based on the guideline amendment, and that he now seeks a reduction based on a Supreme Court decision. Thus, the government argues, Fanfan's request for Kimbrough relief at a § 3582(c)(2) proceeding must fail because of our precedent holding that "§ 3582(c) only allows a reduction where 'the Sentencing Commission, not the Supreme Court, has lowered the [sentencing]

-5-

range.'" Rodríguez-Peña, 470 F.3d at 433 (quoting United States v. Price, 438 F.3d 1005, 1007 (10th Cir. 2006)).  But, here, Fanfan does not contend that Kimbrough triggered the application of § 3582(c)(2).  Rather, it is clear that the Sentencing Commission's amendment to the crack cocaine guidelines triggered the statute.  Fanfan simply argues that Kimbrough should be applicable to the calculation of a new sentence, once the statute is triggered.  Neither Rodríguez-Peña, nor any of our other decisions, have resolved the precise question regarding the scope of the district court's authority to impose a sentence below the new guideline range under § 3582(c)(2).  See Caraballo, 552 F.3d at 12 n.4 (taking "no view on the question of whether a defendant who satisfies the threshold requirement of section 3582(c)(2) is entitled to a full resentencing").

Second, the government suggests that allowing full resentencing would be inconsistent with our holding that Booker[2] is not applied retroactively on collateral review.  See Cirilo-Muñoz v. United States, 404 F.3d 527, 533 (1st Cir. 2005).[3]  But, Fanfan does not seek retroactive application of Booker or Kimbrough to a

---

[2]  Of course, Booker instructed district courts to read the Sentencing Guidelines as "effectively advisory," thereby permitting variant sentences below the bottom of the guideline range, even where there was no grounds for a departure under the guidelines. United States v. Booker, 543 U.S. 220, 245 (2005).

[3]  We have not addressed, and need not here address, the retroactivity of Kimbrough.

final judgment. Rather, he seeks the application of these precedents to adjustments made pursuant to § 3582(c)(2). This question requires us to construe the terms of § 3582(c)(2), and is analytically distinct from the question of retroactivity, which asks whether a decision announced "'watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding.'" Id. at 532 (quoting Schriro v. Summerlin, 542 U.S. 348, 352 (2004)). To be sure, allowing Booker to be applied to a defendant whose final sentence is adjusted based on a qualifying guideline amendment might create some tension with our retroactivity jurisprudence by allowing only certain defendants to gain the benefit of Booker. But such a result would not be inherently unreasonable; Congress might create a regime where those who must be resentenced for some other reason should be fully resentenced. As described below, that is not the case here.

The government's final counter-argument is convincing. Section 3582(c)(2) provides that the district court may reduce the term of imprisonment, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). One of the applicable statements of the Sentencing Commission provides: "Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline

-7-

range determined under subdivision (1) of this subsection." U.S.S.G. 1B1.10(b)(2)(A); see also U.S.S.G. 1B1.10, Application Note 3.[4] Thus, Fanfan's claim for additional relief is foreclosed by the plain language of the applicable guideline, which is incorporated by reference into the statute which controls the adjusted sentence. Thus, though § 3582(c)(2) was triggered by the amendment to the guideline range pursuant to which Fanfan was sentenced, in this case the statute only authorizes imposition of an adjusted sentence within the new guideline range.[5]

Fanfan cites some precedent to argue against this conclusion. First, Fanfan points to an Eighth Circuit decision which held that "[w]hen a defendant is eligible for a § 3582(c)(2) reduction, the district court must consider all relevant *statutory* sentencing factors." United States v. Mihm, 134 F.3d 1353, 1355 (8th Cir. 1998) (emphasis in original). That court allowed the use of a "safety valve" under 18 U.S.C. § 3553(f), even though such relief would not have been available at the initial sentencing.

---

[4] Subdivision (B) of the relevant guidelines provides an exception allowing a below guideline sentence where the original term of imprisonment was below the original guideline range. U.S.S.G. 1B1.10(b)(2)(B). Fanfan's original term of imprisonment was within the guideline range, so this exception is not applicable here.

[5] See also United States v. Jordan, 162 F.3d 1, 5 (1st Cir. 1998) (interpreting a previous version of U.S.S.G. 1B1.10 to reach a similar result in ruling that even where § 3582(c)(2) was triggered by adjustment to a guideline range, that section did not permit a district court to grant a departure under § 5K2.0 where none was available at the initial sentencing).

Id. But the Mihm court did not have the benefit of U.S.S.G. 1B1.10(b)(2)(A), which was added to the guidelines on March 3, 2008, by U.S.S.G. Amendment 712. Further, as described below, the Eighth Circuit itself did not find Mihm controlling when considering the exact issue now raised by Fanfan. United States v. Starks, 551 F.3d 839, 840-43 (8th Cir. 2009) (rejecting, without citation to Mihm, an argument that Booker required allowing district court judges to impose adjusted sentences below the guideline range under § 3582(c)(2)).

Fanfan also points us to a Ninth Circuit decision which reversed a district court's denial of a request for a further § 3582(c)(2) reduction based on Booker. United States v. Hicks, 472 F.3d 1167, 1172 (9th Cir. 2007). But that decision also came before the change in U.S.S.G. 1B1.10. Id. (stating that "none of these policy statements is applicable to the question of whether, after Booker, a court can go below the Guidelines' minimum when modifying a sentence under § 3582(c)(2)."). Nonetheless, the subsequent amendment to the guidelines is not sufficient to distinguish Hicks, since that court also commented that "under Booker, to the extent that the policy statements would have the effect of making the Guidelines mandatory (even in the restricted context of § 3582(c)(2)), they must be void." Id. The Hicks court thus felt Booker applied to § 3582(c)(2) proceedings, since Booker "provides a constitutional standard which courts may not ignore by

treating Guidelines ranges as mandatory in any context." Id. at 1173. The Hicks court relied on Booker's statement, that "'Congress would not have authorized a mandatory system in some cases and a nonmandatory system in others, given the administrative complexities that such a system would create.'" Id. at 1170 (quoting Booker, 543 U.S. at 266). But that is precisely what Congress did here when it made a narrow exception to the final judgment rule for sentence adjustments, where such adjustments are consistent with guideline policy. Thus, we disagree with the Ninth Circuit's view that Booker mandates that district courts have discretion to adjust a sentence below the bottom of the new guideline range at a § 3582(c)(2) resentencing. Even though, as we explained above, the non-retroactivity of Booker does not bar Fanfan's argument, Booker also does not compel us to accept his argument.

Our conclusion is supported by recent decisions from other circuits. United States v. Cunningham, ___ F.3d ___, ___, Nos. 08-2091 and 08-2931, 2009 WL 249886, at *5 (7th Cir. Feb. 4, 2009) ("Having chosen to create a modification mechanism, Booker does not require Congress to grant the district courts unfettered discretion in applying it."); Melvin, ___ F.3d at ___, 2009 WL 236053, at *3-4 (similarly rejecting the precise argument raised here by Fanfan); Starks, 551 F.3d at 840-43 (same); United States v. Dunphy, 551 F.3d 247, 252-56 (4th Cir. 2009) (same); United

States v. Rhodes, 549 F.3d 833, 837-41 (10th Cir. 2008) (same). As the Tenth Circuit has explained, "sentence modification proceedings have a different statutory basis than original sentencing proceedings." Rhodes, 549 F.3d at 841. "Given the narrow scope of sentence modification proceedings, there is no concern that a district court in such a proceeding will make factual findings that in turn will raise a defendant's sentence beyond the level justified by 'the facts established by a plea of guilty or a jury verdict.'" Id. at 840 (quoting Booker, 543 U.S. at 244) (ellipsis omitted). Thus, Booker's rendering of the guidelines as advisory is not controlling in "proceedings under § 3582(c)(2), which can only decrease -- not increase -- the defendant's sentence." Dunphy, 551 F.3d at 252-53. Put another way, "[a]lthough the guidelines must be treated as advisory in an original sentencing proceeding, neither the Sixth Amendment nor Booker prevents Congress from incorporating a guideline provision as a means of defining and limiting a district court's authority to reduce a sentence under § 3582(c)." Starks, 551 F.3d at 842. In sum, we agree with the Fourth, Seventh, Eighth, Tenth, and Eleventh circuits and "find the Hicks analysis to be flawed because it fails to consider two marked characteristics of a § 3582(c)(2) proceeding, . . . discussed above: (1) this proceeding allows only for downward adjustment and (2) this proceeding is not a full resentencing hearing." Dunphy, 551 F.3d at 254.

Of course, Fanfan emphasizes that <u>Kimbrough</u> was decided between his initial sentencing and his adjustment under § 3582(c)(2). But, since § 3582(c)(2), read with U.S.S.G. 1B1.10(b)(2)(A), does not permit an adjustment that varies from the guidelines where the original sentence was within the guidelines, the district court was correct in finding that it had no authority to use its newly acquired <u>Kimbrough</u> discretion in this case.[6] Thus, while an adjusted sentence under § 3582(c)(2) must be made after "considering the factors set forth in section 3553(a)," a district court acting under § 3582(c)(2) must comply with U.S.S.G. 1B1.10(b)(2)(A).

---

[6] <u>Fanfan</u> suggests it would be a "great irony" if we allow his sentence to stand because we view U.S.S.G. 1B1.10 as mandatory, since in this same case, the district court imposed its previous sentence under the erroneous belief, rejected in <u>Kimbrough</u>, that it could not disagree with the policy judgments incorporated into the crack cocaine guidelines. Though Fanfan's comment on this point does not squarely raise this issue, it could be read to suggest that mandatory application of U.S.S.G. 1B1.10(b)(2)(A) is somehow inconsistent with <u>Kimbrough</u>, since <u>Kimbrough</u> can be read as allowing district courts to deviate from the guidelines based on pure policy disagreements. We reject this argument for the same reason we rejected Fanfan's argument based on <u>Booker</u>. Though district courts may sentence based on policy disagreements with the crack cocaine guidelines, they may not do so on the basis of disagreements with statutes. <u>See</u> <u>Kimbrough</u>, 128 S. Ct. at 573 (recognizing that even though a district court may now disagree with the disparity in the crack cocaine guidelines, mandatory minimum sentences imposed by statute must be followed). Thus, even if a district court were generally similarly permitted to disagree with the policy judgment incorporated into U.S.S.G. 1B1.10, it could do not do so here, since that guideline has been incorporated into § 3582(c)(2). <u>See also</u> <u>Melvin</u>, ___ F.3d at ___, 2009 WL 236053, at *4 (rejecting the argument that "<u>Kimbrough</u> could apply [in the § 3582 context] even though <u>Booker</u> does not").

## II.  Conclusion

For the foregoing reasons, the order of the district court denying Fanfan's motion for reconsideration is affirmed.

**Affirmed**.