# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 09-1164

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Deshaun Raffles Murphy, | * | |
| | * | |
| Appellant. | * | |

———————

Submitted: June 8, 2009
Filed: August 3, 2009

———————

Before COLLOTON, JOHN R. GIBSON, and BEAM, Circuit Judges.

———————

COLLOTON, Circuit Judge.

In 1996, Deshaun Murphy was convicted in federal court of several drug trafficking offenses involving crack cocaine. At sentencing, the district court found that Murphy was responsible for 800 grams of cocaine base, calculated a guideline range of 262 to 327 months' imprisonment under the then-mandatory sentencing guidelines, and sentenced Murphy to 300 months' imprisonment.[1]

———————

[1] The court also sentenced Murphy to a consecutive term of 60 months' imprisonment for aiding and abetting the use or carrying of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. §§ 2 and 924(c). That aspect of the original sentence is not at issue in this appeal.

In January 2008, Murphy moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 706 to the sentencing guidelines, which was declared retroactive by the Sentencing Commission. Amendment 706, as modified by Amendment 711, changed the drug quantity table set forth at USSG § 2D1.1 to reduce the base offense levels for offenses involving crack cocaine by two levels. In light of the "new landscape" of sentencing after *United States v. Booker*, 543 U.S. 220 (2005), and *Kimbrough v. United States*, 128 S. Ct. 558 (2007), Murphy urged the court to consider imposing a sentence at "the low end of the new Guideline range of 210 months." He also asked the court to reconsider his base offense level because the jury did not make a finding of drug quantity.

On December 8, 2008, the district court[2] granted Murphy's motion in part. The court calculated an amended guideline range of 210 to 262 months' imprisonment, and resentenced Murphy to 240 months' imprisonment. The court declined to decide whether it should treat the amended guideline range as advisory, and stated that it would impose the same sentence whether or not it had authority to vary from the amended guideline range. The court also rejected Murphy's argument that the court should recalculate the base offense level. On December 19, Murphy moved for reconsideration, arguing that he should not have been subject to any mandatory minimum sentence. The district court denied the motion on December 23. Acting *pro se*, Murphy filed a notice of appeal, which was docketed by the clerk of the district court on January 13, 2009.

On appeal, Murphy argues that the district court erred in failing to conduct a full resentencing or to consider a sentence below the amended guideline range. He contends that the court has authority to do so based on the Supreme Court's holding in *Booker* that the sentencing guidelines are effectively advisory.

---

[2]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

The government's brief in response questions whether this court lacks jurisdiction on the ground that Murphy's notice of appeal was untimely. After briefing, however, Murphy filed a declaration in accordance with Federal Rule of Appellate Procedure 4(c)(1), which satisfies us that the appeal is timely. *See Sulik v. Taney County*, 316 F.3d 813, 814 (8th Cir. 2003).

Turning to the merits, we review for plain error Murphy's contention that the district court should have reduced his sentence below the amended guideline range, because Murphy did not raise this argument in his § 3582(c) motion or in his motion for reconsideration.[3] Murphy's argument that the district court should have conducted a full resentencing and varied below the amended guideline range is foreclosed by our decision in *United States v. Starks*, 551 F.3d 839 (8th Cir. 2009), *cert. denied*, 129 S. Ct. 2746 (2009).

In *Starks*, we held that *Booker* did not invalidate the requirement of § 3582(c) that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," and that this limitation posed no constitutional concerns under the Sixth Amendment. 551 F.3d at 842-43. Therefore, the limitations in the applicable policy statement, USSG § 1B1.10, on a district court's authority to reduce a sentence in a proceeding under § 3582(c) are "constitutional and enforceable." 551 F.3d at 843. For a defendant like Murphy, who was initially sentenced within the guideline range, the policy statement provides that the district court may not reduce his sentence to "a term that is less than the minimum of the amended guideline range." USSG § 1B1.10(b)(2)(A). Accordingly, the district court lacked authority to reduce

---

[3]We need not determine whether Murphy's notice of appeal properly challenges the district court's first order denying the § 3582(c) motion, as well as the order denying his motion for reconsideration, *see* Fed. R. App. P. 3(c)(1)(B); *Greer v. St. Louis Reg'l Med. Ctr.*, 258 F.3d 843, 846 (8th Cir. 2001), because we would review the claim for plain error in either case.

Murphy's sentence to a term of less than 210 months' imprisonment, the minimum of Murphy's amended guideline range.

Murphy contends that we should not follow *Starks* because it was wrongly decided and conflicts with *United States v. Mihm*, 134 F.3d 1353 (8th Cir. 1998). *Mihm* held that the safety valve provision of 18 U.S.C. § 3553(f), which allows a district court to sentence below the statutory minimum in certain circumstances, could apply for the first time at a sentence reduction proceeding under § 3582(c)(2). 134 F.3d at 1355-56. The court explained that when reducing a sentence pursuant to § 3582(c)(2), "the district court must consider all relevant *statutory* sentencing factors," including § 3553(f). *Id.* at 1355. Murphy argues that to comply with the analysis in *Mihm*, a district court presented with a § 3582(c) motion must conduct a new sentencing hearing at which it considers the factors in 18 U.S.C. § 3553(a) and follows the direction of § 3553(a) to impose a sentence that is "sufficient, but not greater than necessary" to comply with the statutory sentencing objectives.

This precise argument was not raised in *Starks*, but there is no conflict between *Starks* and *Mihm*. *Starks* recognized that Congress limited the authority of a district court to reduce a sentence based on retroactive amendments to the sentencing guidelines. The governing statute incorporates the "applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c), and those statements provide, with exceptions not relevant here, that a district court may not reduce a sentence below the amended guideline range derived from the amended guidelines. USSG § 1B1.10(b)(2)(A). *Mihm* held only that in determining the amended guideline range, the district court should consider the statutory limitation on the applicability of statutory minimum sentences set forth in § 3553(f). As the en banc court clarified in *United States v. Hasan*, 245 F.3d 682 (8th Cir. 2001) (en banc), *Mihm* did not hold that a sentencing court is authorized to sentence below the amended guideline range based on the departure provisions of the guidelines or the factors set forth in § 3553(a). *Id.* at 685, 689-90. Rather, the court must comply with the specific

requirements of § 3582(c), including the direction that reductions be consistent with USSG § 1B1.10. *See United States v. Fanfan*, 558 F.3d 105, 109 (1st Cir. 2009) (distinguishing *Mihm* and agreeing with *Starks*).

Therefore, as in *Starks*, the district court lacked authority to reduce Murphy's sentence below his amended guideline range, and Murphy's claim of error is without merit. Moreover, given the district court's statement that it would impose the same sentence even if it had authority to treat the amended guideline range as advisory, Murphy cannot show that the error he posits affected his substantial rights.

The judgment of the district court is affirmed.

_____