# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 09-2111

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Dennell Malone, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

———————

Submitted: October 19, 2009
Filed: October 27, 2009

———————

Before COLLOTON, BEAM, and BENTON, Circuit Judges.

———————

PER CURIAM.

The district court[1] originally sentenced Dennell R. Malone to the applicable Guidelines range of life imprisonment (with a consecutive 60-month sentence for a firearm count). After Amendment 706 to the Sentencing Guidelines, the court resentenced Malone to 360 months imprisonment (with a consecutive 60-month sentence for the firearm count), the bottom of his recalculated Guidelines range. *See* 18 U.S.C. § 3582(c)(2).

---

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

Malone appeals, arguing that the district court should be allowed to resentence him below the Guidelines range. This court has previously rejected this argument. *See United States v. Starks*, 551 F.3d 839, 841-43 (8th Cir. 2009) (resentencing under section 3582(c)(2) is more narrow in scope than original sentencing proceedings; the limitation that resentencing courts "must not reduce the sentence of a defendant who was originally sentenced within the applicable guideline range to a term that is less than the minimum of the amended guideline range" is "constitutional and enforceable") (internal citations omitted); *United States v. Harris*, 556 F.3d 887, 888 (8th Cir. 2009) (per curiam) (*Starks* forecloses the argument that the district court has authority to sentence him below the Guidelines range in a section 3582(c)(2) resentencing); *United States v. Murphy*, 578 F.3d 719, 720-21 (8th Cir. 2009) (same, holding that there is no conflict between *Starks* and *United States v. Mihm*, 134 F.3d 1353 (8th Cir. 1998)).

The judgment is affirmed.

_____