# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1140

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Dana A. Braden, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: November 16, 2009
Filed: November 23, 2009

_____

Before MELLOY, BEAM, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

On June 13, 2006, Dana Braden pled guilty to possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). The district court[1] sentenced Braden to a term of imprisonment of 108 months, which was at the bottom of the suggested guideline range of 108 to 135 months. On January 23, 2008, Braden moved to reduce his sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 706 to the sentencing guidelines, which was declared retroactive by the Sentencing Commission. Amendment 706, as modified

---

[1]The Honorable Dean Whipple, then Chief United States District Judge for the Western District of Missouri.

by Amendment 711, changed the drug quantity tables set forth at United States Sentencing Guidelines (U.S.S.G.) § 2D1.1, reducing by two levels the base offense levels for offenses involving cocaine base. United States v. Starks, 551 F.3d 839, 840 (8th Cir.), cert. denied, 129 S. Ct. 2746 (2009). Braden urged the court to sentence him below the bottom of the amended guideline range based on an analysis of the factors set forth in 18 U.S.C. § 3553(a).

The district court[2] granted Braden's motion in part and reduced his sentence to 87 months, which represented the bottom of the amended guideline range of 87 to 108 months. The court declined Braden's request to impose the statutory minimum sentence of sixty months because it believed it lacked the power to impose a sentence below the guideline range.

Braden appeals. He argues that the district court had authority to reduce his sentence below the amended guideline range pursuant to United States v. Booker, 543 U.S. 220 (2005), and that our decision in Starks should be revisited and limited. However, Braden's argument that his resentence violated the Supreme Court's interpretation in Booker remains foreclosed by our decision in Starks. 551 F.3d 839. In Starks we held that Booker did not invalidate the requirement of 18 U.S.C. § 3582(c) that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," and that the limitations in the applicable policy statement, U.S.S.G. § 1B1.10, on a district court's authority to reduce a sentence in a proceeding under § 3582(c) are "constitutional and enforceable." Starks, 551 F.3d at 842-43.

Braden was initially sentenced within the guideline range. The policy statement provides that the district court could not reduce his sentence to "a term that is less than

---

[2]The Honorable Ortrie Smith, United States District Judge for the Western District of Missouri.

the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). Accordingly, the district court lacked the authority Braden posits today, as the court itself acknowledged. The district court did not err in refusing to consider a further reduction based on § 3553(a). United States v. Higgins, No. 09-1515, 2009 WL 3448172 (8th Cir. Oct. 28, 2009).

Further, despite Braden's arguments to the contrary, Starks remains unchanged by Spears v. United States, 129 S. Ct. 840 (2009), and this court's previous analyses in United States v. Hasan, 245 F.3d 682 (8th Cir. 2001) (en banc) and United States v. Mihm, 134 F.3d 1353 (8th Cir. 1998). See United States v. Murphy, 578 F.3d 719, 721 (8th Cir. 2009); Starks, 551 F.3d at 841.

The judgment of the district court is affirmed.[3]

_____

_____

[3]The effect, if any, of Braden's appeal waiver contained in his plea agreement is inapposite. As such, the government's pending motion to dismiss is denied.