# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1049

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri. |
| | * | |
| Rodney R. Johnson, | * | **[UNPUBLISHED]** |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: December 14, 2009
Filed: December 18, 2009

_____

Before LOKEN, Chief Judge, ARNOLD and BENTON, Circuit Judges.

_____

PER CURIAM.

Rodney R. Johnson pleaded guilty to possession with intent to distribute fifty grams or more of crack cocaine and to being a felon in possession of firearms and ammunition. The district court[1] determined that Johnson's advisory guidelines sentencing range was 235-293 months in prison and sentenced him to concurrent sentences of 264 months on the drug charge and 120 months on the firearms charge. After the Sentencing Commission reduced by two levels the offense level applicable to Johnson's crack cocaine offense in Amendments 706, 711, and 713 to the

_____

[1]The HONORABLE JEAN C. HAMILTON, United States District Judge for the Eastern District of Missouri.

Guidelines, Johnson moved for modification of his sentence under 18 U.S.C. § 3582(c)(2). The district court granted a two-level reduction, reducing the advisory range to 188-235 months, and re-sentenced Johnson to 211 months in prison.

Johnson appeals, arguing that the district court erred when it considered the guidelines mandatory in applying § 3582(c)(2) and the policy statements in U.S.S.G. § 1B1.10, and imposed an unreasonable sentence that failed to consider the sentencing factors in 18 U.S.C. § 3553(a). These arguments are foreclosed by our decision in United States v. Starks, 551 F.3d 839, 842 (8th Cir.), cert. denied, 129 S. Ct. 2746 (2009), that "neither the Sixth Amendment nor [United States v. Booker, 543 U.S. 220 (2005),] prevents Congress from incorporating a guideline provision as a means of defining and limiting a district court's authority to reduce a sentence under § 3582(c)." The district court correctly applied 18 U.S.C. § 3582(c) and U.S.S.G. § 1B1.10(b)(2)(A) as construed in Starks, which is binding on our panel.[2] Accordingly, we must affirm. See 8th Cir. R. 47B.

_____

[2] We note that nearly every other circuit agrees with our decision in Starks. See United States v. Fanfan, 558 F.3d 105, 107-11 (1st Cir.), cert. denied, 130 S. Ct. 99 (2009); United States v. Savoy, 567 F.3d 71, 72-73 (2d Cir.), cert. denied, 130 S. Ct. 342 (2009); United States v. Dillon, 572 F.3d 146, 148-50 (3d Cir.), cert. granted, --- S. Ct. ----, 2009 WL 2899562 (Dec. 7, 2009); United States v. Dunphy, 551 F.3d 247, 252-57 (4th Cir.), cert. denied, 129 S. Ct. 2401 (2009); United States v. Doublin, 572 F.3d 235, 237-39 (5th Cir.), cert. denied, 130 S. Ct. 517 (2009); United States v. Washington, 584 F.3d 693, 698-701 (6th Cir. 2009); United States v. Cunningham, 554 F.3d 703, 704-09 (7th Cir.), cert. denied, 129 S. Ct. 2826 (2009); United States v. Rhodes, 549 F.3d 833, 837-41 (10th Cir. 2008), cert. denied, 129 S. Ct. 2052 (2009); United States v. Melvin, 556 F.3d 1190, 1191-93 (11th Cir.), cert. denied, 129 S. Ct. 2382 (2009). But see United States v. Hicks, 472 F.3d 1167, 1169-73 (9th Cir. 2007).