# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2178

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Mustafa Abdullah, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: December 14, 2009
Filed: January 22, 2010

_____

Before WOLLMAN, RILEY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

In 1989, Mustafa Abdullah pleaded guilty to one count of conspiracy to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841 and 846, and to one count of using a firearm in the commission of a felony, in violation of 18 U.S.C. § 924(c). Abdullah was sentenced to 425 months' imprisonment, which included a 365 month-sentence for the drug charge, a term of imprisonment at the top of the United States Sentencing Guidelines (guidelines) range, and a consecutive sixty-month sentence for the firearm charge.

In 2008, after the Sentencing Commission had amended the guidelines and had reduced by two levels the offense level applicable to certain crack cocaine offenses, Abdullah moved for a sentence modification under 18 U.S.C. § 3582(c)(2). The district court[1] reduced his crack cocaine sentence to 235 months' imprisonment, a sentence at the bottom of the amended guidelines range. In its order denying Abdullah's motion for reconsideration, the district court stated that "a sentence below the amended guideline range is not permissible in these circumstances." On appeal, Abdullah contends that the district court erred when it applied the amended sentencing guidelines as mandatory.

Abdullah's argument is foreclosed by our decision in United States v. Starks, 551 F.3d 839 (8th Cir.), *cert. denied*, 129 S. Ct. 2746 (2009).[2] Section 3582(c)(2) and guideline § 1B1.10(b)(2)(A) limit a district court's authority to reduce sentences following the retroactive reduction of a guidelines sentencing range. In Starks, we held that those limitations remain constitutional and enforceable. 551 F.3d at 843. Accordingly, the district court lacked authority to sentence Abdullah below the guidelines range. See id. at 842-43. We reject Abdullah's arguments that Spears v. United States, 129 S. Ct. 840 (2009), compels us to revisit the decision in Starks and that the decision in Starks conflicts with our earlier analyses in United States v. Hasan, 245 F.3d 682 (8th Cir. 2001) (en banc), United States v. Mihm, 134 F.3d 1353 (8th Cir. 1998), and United States v. Williams, 103 F.3d 57 (8th Cir. 1996) (per curiam). See United States v. Murphy, 578 F.3d 719, 721 (8th Cir. 2009).

---

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

[2]We note that the Supreme Court has granted certiorari in United States v. Dillon, 572 F.3d 146 (3d Cir.), *cert. granted*, 2009 WL 2899562 (U.S. Dec. 7, 2009) (No. 09-6338), which presents the following question: whether United States v. Booker, 543 U.S. 220 (2005), applies in sentence modification proceedings under § 3582(c).

The district court correctly applied § 3582(c)(2) and guideline § 1B1.10(b)(2)(A) when it sentenced Abdullah within the amended guidelines range. We affirm.

_____